**CAR–GO PARTS CENTER OF ILLINOIS, INC., Plaintiff,**

v.

**FEDERAL MOGUL CORPORATION, Defendant.**

**No. 95 C 2399.**

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1995.

Richard S. Lauter, Chicago, IL, for plaintiff.

Matthew Kleiman, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court has just been assigned the appeal by Car–Go Parts Center of Illinois, Inc. ("Car–Go") from what Car–Go's Notice of Appeal describes as "the final order dismissing Count I of the above-captioned adversary proceeding, with prejudice, of the bankruptcy court entered in this adversary proceeding on the 9th day of March, 1995." For the reasons stated in this memorandum opinion and order, the appeal is dismissed sua sponte for lack of jurisdiction.

As the record on appeal reflects, debtor Car–Go filed in the Bankruptcy Court a four-count adversary Complaint against Federal Mogul Corporation ("Federal Mogul"), the Complaint's counts respectively sounding in (I) conversion, (II) intentional interference with contract, (III) intentional interference with prospective economic advantage and (IV) fraud and misrepresentation. Federal Mogul moved to dismiss the entire Complaint with prejudice, and after the parties had briefed the issues Bankruptcy Judge Eugene Wedoff granted the motion as to Counts I, II and III "with prejudice and without leave to amend" but *denied* the motion as to Count IV as to his March 9 order.

■ Under those circumstances the language quoted in the preceding sentence clearly does *not* render Judge Wedoff's order final and hence appealable under Bankruptcy Rule 8001(a). Because of the nature of adversary proceedings (which are the Bankruptcy Court equivalents of the civil actions brought before the District Courts), it is scarcely surprising that the Bankruptcy Rules incorporate the bulk of the Federal Rules of Civil Procedure ("Rules")—and most relevant for current purposes, Bankruptcy Rule 7054(a) expressly makes Rule 54(a) through (c) applicable to all adversary proceedings.

Rule 54(b) could not be more plain as to what is required for finality (and consequently appealability) in a multiclaim action:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

As indicated, Rule 54(b)'s rationale is that until the dispute between the litigants is fully resolved the court is free to take a fresh look at its partially dispositive orders. And that is just as plainly so here, where Judge Wedoff made no Rule 54(b) determination. Thus the present appeal would have to be dismissed even if Car–Go's adversary Complaint were to be viewed as presenting "more than one claim for relief."

■ But the current appeal appears even more vulnerable than that. Even if Judge Wedoff *had* spoken in the Rule 54(b) language that creates the potential for appealing an otherwise nonfinal order, there is more than serious doubt whether such a Rule 54(b) recital would have been appropriate and effective in any event. Again Rule 54(b) applies by its terms only to a multiple-claim scenario, while as *NAACP v. American Family Mut. Ins. Co.,* 978 F.2d 287, 292 (7th Cir.1992) teaches in the course of discussing the relevant concepts (*id.* at 291–92):

> One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.

Accord, such cases as *Indiana Harbor Belt R.R. v. American Cyanamid Co.,* 860 F.2d 1441, 1443–46 (7th Cir.1988) and, in a situation involving multiple counts strikingly comparable to those advanced by Car–Go here, *A/S Apothekernes Laboratorium for Special-praeparater v. I.M.C. Chem. Group, Inc.,* 725 F.2d 1140, 1142–43 (7th Cir.1984). Here, as in those cases that have consistently rejected district courts' Rule 54(b) determinations and dismissed putative appeals under like circumstances, Car–Go's four counts really appear to represent nothing more than different legal theories of recovery arising out of a single factual occurrence.

■ No definitive ruling on that score is now required, however. That may be left for another day (if that day comes at all). In the present posture of the case the absence of a Rule 54(b) determination by Judge Wedoff unquestionably calls for dismissal of the appeal in all events. In so ruling, this Court is of course mindful of the fact that there are some situations in which finality for bankruptcy purposes may differ from finality in the District-Court-to-Court-of-Appeals context. But where as here Car–Go's effort to appeal seeks to carve up a single adversary complaint, Bankruptcy Rule 7054(a) teaches that the Rule 54(b) principle applies with full force.

Having said all that (including the part about the Bankruptcy Court's continuing opportunity to reexamine its interlocutory determinations), and having read the entire record, this Court is constrained to suggest that Judge Wedoff give further consideration to whether Federal Mogul has not led him down the garden path by focusing on the parties' dispute as though it were a straightforward negotiable instrument case. Some brief elaboration is in order to explain why that appears to be a misleading perspective, which in turn leads to a wrong result.

■ Conversion, after all, is a tort that covers *any* personal property. On Car–Go's allegations (which must be accepted as true on Federal Mogul's motion to dismiss), when Federal Mogul received the original checks for which the $27,703.43 check was a replacement and when Federal Mogul's agent then specifically "stated that she would immediately destroy replacement check no. 12871 in order to spare Car–Go the expense of stopping payment on the check" (Complaint ¶ 14)—actually representing to Car–Go's President David Cody during that same telephone conversation that she had in fact destroyed the check (*id.*)—it should be considered whether at that point the piece of paper in Federal Mogul's hands was really no longer a check (that is, an intended order to the bank on which it would have been drawn to pay over Car–Go's funds in favor of Federal Mogul), but rather a mere piece of paper

with some writing on it. To put the matter into the common law terminology suitable to analysis of the common law claim of conversion, at that time Federal Mogul became nothing more than a bailee—a party in possession of an item of someone else's (Car–Go's) property—under specific and limited instructions as to its disposition. To be sure, Federal Mogul had the unusual power to enrich itself substantially by exercising wrongful dominion over that piece of paper (which is the essence of conversion) instead of complying with Car–Go's specific directive (and with Federal Mogul's own promise), but the absolute right to recover the possession of that piece of personal property (or to direct its disposition) was then solely in Car–Go and *not* in Federal Mogul.[1]

Because this Court recognizes that the foregoing brief statement of a sharply different perspective on the matters posed by the Complaint is dictum, it will subside at this point. But it has felt duty-bound to suggest that different perspective for Judge Wedoff's consideration, because any ultimate proper appeal of a final decision in the adversary action will in the regular course again reach this Court's calendar.

To return to the present holding (as distinct from the foregoing dictum), Car–Go's appeal is dismissed. Judge Wedoff is free to proceed with the entire adversary proceeding as between Car–Go and Federal Mogul until the case reaches the point of final disposition.

---

1. Note the sharp contrast with *General Motors Corp. v. Douglass*, 206 Ill.App.3d 881, 884, 151 Ill.Dec. 822, 824–25, 565 N.E.2d 93, 95–96 (1st Dist.1990). There the intention of the drawer of the check remained one of providing the payee with the funds represented by that check—and the fact that the drawer discovered later that it was mistaken as to the proper amount of the check did not somehow transform the payee's cashing of the check into a conversion. As Car–Go pointed out in its brief before Judge Wedoff, in reaching its decision the Illinois Appellate Court highlighted the absence of circumstances that, on Car–Go's allegations, were expressly present in its transaction with Federal Mogul.