In re The **CELOTEX CORPORATION,**
et al., Debtors.

The **CELOTEX CORPORATION,**
et al., Appellees,

v.

**AIU INSURANCE COMPANY,**
et al., Appellants.

Bankruptcy Nos. 90–10016–
8B1, 90–10017–8B1.
Adv. No. 91–40.
No. 93–1059–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 26, 1995.

Mary A. Lau, Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, FL, Paul L. Gingras, Zelle & Larson, Minneapolis, MN, Ronald L. Cohen, Dan J. Schulman, Seward & Kissel, New York City, Rolf Gilbertson, Zelle & Larson, Minneapolis, MN, for Employers Insurance of Wausau.

Matthew J. Gehringer, Pope, Cahill & Devine, Ltd., Chicago, IL, for Zurich Ins. Co.

Gregory J. Willis, Walton, Lantaff, Schroeder & Carson, Miami, FL, for Florida Insurance Guaranty Company.

John Allen Yanchunis, Sr., Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, FL, for Continental Casualty Company, Transportation Insurance Company, Columbia Casualty Company.

Wilson M. Brown, III, Drinker, Biddle & Reath, Philadelphia, PA, for American Motorists Insurance Company.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Celotex Corp.

### ORDER ON MOTION FOR
### LEAVE TO APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on the Motion of Appellants, certain insurers, for leave to appeal an interlocutory order entered by the United States Bankruptcy Court, Middle District of Florida, Tampa Division. Appellants request leave to appeal the Bankruptcy Court's June 3, 1993 Order on Debtor's Motion for Partial Summary Judgment, which holds that the costs of administering the liability claims against the Debtors in the Bankruptcy Proceeding are defense costs under Defendants' liability insurance policies ("6/3/93 Defense Costs Order"). (Adv.Dkt. No. 1936).

The 6/3/93 Defense Cost Order is not appealable as a matter of right, does not qualify as an exception to the final judgment rule, and the Court declines to exercise its discretionary jurisdiction. The Court denies Appellants' Motion.

## I. BACKGROUND

Carey Canada, Inc. and The Celotex Corporation ("Debtors") are named defendants in numerous lawsuits in courts nationwide based on their production and sale of asbestos and asbestos-containing products. These lawsuits seek damages for alleged harm to individuals from asbestos fibers and for alleged harm resulting from the presence of asbestos-containing products in certain buildings (collectively, the "Asbestos Liability Claims"). Starting in the late 1970's, Debtors filed a number of lawsuits against their insurers in state and federal courts seeking a declaration of insurance coverage for Asbestos Liability Claims.

On October 12, 1990, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The two cases have been consolidated and are being administered jointly by Carey Canada, Inc. and The Celotex Corporation as debtors-in-possession. All suits asserting Asbestos Liability Claims have been and remain stayed pursuant to 11 U.S.C. § 362(a).

On January 18, 1991, Debtors initiated an adversary proceeding in the Bankruptcy Court against all of their liability insurers ("Insurers") seeking a declaration of potential coverage for Asbestos Liability Claims under Debtors' various insurance policies. The adversary proceeding also seeks coverage under the policies for the costs of defense allegedly incurred in Debtors' defense of the numerous suits asserting asbestos liability claims.

By motion in the adversary proceeding dated August 28, 1992, Debtors sought partial summary judgment declaring that the costs of Debtors' estate for administration and resolution of the asbestos liability claims asserted in the bankruptcy proceeding are defense costs under Debtors' insurance policies with various insurance company defendants. (Adv.Dkt. No. 948). On December 15, 1992, Judge Baynes orally granted Debtors' motion. He ruled that Appellants' obligation to pay defense costs under the policies was not altered within the bankruptcy context, and that the debtor's legal expenses in responding to any suits constitute defense costs under the insurance policies. (Tran-script of 12/15/92 Motion Hearing at 171–73). Judge Baynes deferred until a later date the determination on what amount of defense costs will be allowed. (Id. at 173). After delivering his ruling, Judge Baynes directed Debtors' counsel to submit a proposed order reflecting the ruling of the Court. (Id.)

When Debtors' counsel failed to submit the proposed order within the requisite 30 days, Judge Baynes, on April 1, 1993, entered a written order denying Debtors' motion. (Adv.Dkt. No. 1632). Debtors filed a motion for reconsideration on April 7, 1993, claiming the delay was inadvertent and the result of excusable oversight on the part of counsel. (Adv.Dkt. No. 1653A). On June 3, 1993 Judge Baynes entered Debtors' proposed order and granted Debtors' Motion for Partial Summary Judgment. ("June Order"). (Adv. Dkt. No. 1936). Appellants timely filed this Motion for Leave to Appeal the June Order.

## II. DISCUSSION

Jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy courts is vested in the federal district courts. 28 U.S.C. § 158(a). The federal district courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave of court. 28 U.S.C. § 158(a); Fed.R.Bankr.P. 8001(b), 8003.

Appellants do not contend the June Order was a final order giving them appeal as a matter of right pursuant to 28 U.S.C. § 158(a). Instead, Appellants maintain that this Court should accept the appeal pursuant to the *Cohen* collateral order exception to the final judgment rule, or the Court's discretionary jurisdiction over interlocutory orders.

### A. THE COLLATERAL ORDER EXCEPTION

The collateral order doctrine is a "narrow exception" confined to "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). The doctrine, first rec-

ognized by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), excepts from the final judgment rule a small class of prejudgment orders.

To fall within the *Cohen* exception, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Richardson–Merrell*, 472 U.S. at 431, 105 S.Ct. at 2761. To appeal on this basis, Appellants carry the burden and must make a showing on all three elements to prevail. *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir.1989). Failure of any one of the elements results in the failure of jurisdiction. *In re Delta Services*, 782 F.2d 1267, 1272 (5th Cir.1986).

The June Order conclusively determined the disputed question of whether the costs of administering liability claims against the Debtors in bankruptcy constitute defense costs under the Appellants' liability insurance policies. Judge Baynes ruled that the Appellants' obligation to pay defense costs for any suit alleging liability were not altered by the existence of the bankruptcy proceeding. The June Order conclusively resolved the dispute because it was not "tentative, informal or incomplete." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. Therefore, the first requirement of the *Cohen* collateral order exception has been met.

To satisfy the second element, the party seeking to appeal must show that the issue for review is completely separate from the merits of the action. *Richardson–Merrell*, 472 U.S. at 431, 105 S.Ct. at 2761. Appellants have not made a sufficient showing on this requirement. The claims in this adversary proceeding both involve the interpretation of the liability insurance policies. The question of whether Appellants are obligated to pay defense costs under the policies is sufficiently "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), for indemnity so that an independent basis of appeal is not warranted at this time.

In order to satisfy the third element of the *Cohen* exception, the order appealed from must be effectively unreviewable on appeal from a final judgment. *Richardson–Merrell*, 472 U.S. at 431, 105 S.Ct. at 2761. Appellants fail to make any argument on this requirement; the Court consequently considers it unsatisfied.

Because Appellants have failed to make the necessary showing on the requirements under the *Cohen* collateral order exception, the appeal of the June Order cannot be brought to this Court pursuant to this doctrine.

## B. DISCRETIONARY REVIEW

District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b). *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir.1985).

Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Scarfia v. Holiday Bank*, 129 B.R. 671 (M.D.Fla.1990).

Appellants submit no arguments relevant to any of the elements they must prove under Section 1292(b) in order to convince this Court to exercise its discretionary jurisdiction under 28 U.S.C. § 158(a). Appellants contend the first two requirements of Section 1292(b) "are easily met," (Dkt. No. 1942, Appellants' Motion For Leave to Appeal and Supporting Memorandum of Law, at 9), but do not support this conclusory statement with relevant facts or legal argument. Since the Court has not been convinced on any of these requirements, the Court declines to

**750**

exercise its discretionary jurisdiction under 28 U.S.C. § 158(a).

### III. *CONCLUSION*

For the foregoing reasons, Appellants have failed to establish that the present appeal meets the requirements for granting interlocutory appeal under either the collateral order exception or 28 U.S.C. § 1292(b). Accordingly, it is

**ORDERED** that Appellants' Motion For Leave to Appeal is **denied.** The Clerk of Court shall enter a final judgment of dismissal.

**DONE** and **ORDERED.**