In re Gary Lee CULTON, Carolyn Sue Culton, Debtors,

CLAY COUNTY BANK, a Florida corporation, Plaintiff–Appellee,

v.

Gary Lee CULTON, Debtor, Carolyn Sue Culton, Debtor, Defendants–Appellants.

No. 96–2377.

United States Court of Appeals, Eleventh Circuit.

April 11, 1997.

Aaron R. Cohen, Jacksonville, FL, for Defendants–Appellants.

Robert Aguilar, Head, Metcalf, Aguilar, Moss, Sieron, Perritt & Myers, P.A., Orange Park, FL, for Plaintiff–Appellee.

BEFORE DUBINA and BLACK, Circuit Judges, and COHILL *, Senior District Judge.

DUBINA, Circuit Judge:

Appellants Gary Lee Culton and Carolyn Sue Culton ("the Cultons" or "the debtors") appeal the judgment entered by the district court reversing the bankruptcy court's order dismissing an adversary proceeding filed by the plaintiff-appellee Clay County Bank ("the bank" or "the creditor") based on §§ 105, 727(d)(1) and 727(d)(3) of the Bankruptcy

* Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Penn-     sylvania, sitting by designation.

Code. We dismiss the appeal for lack of jurisdiction.

## I. *Background Facts*

The bankruptcy court granted the Cultons a discharge in a Chapter 7 proceeding. After the Cultons received their discharge, their home was burglarized. A police report of the burglary revealed that jewelry and coins worth $42,800 had been taken from the home. Upon learning of the burglary and police report, the bank moved to reopen the bankruptcy case and for permission to file an adversary proceeding to revoke the discharge on the ground that the Cultons had not declared the stolen items in the Chapter 7 proceedings. After a hearing, the bankruptcy court granted the motion, and the bank filed the adversary proceeding. The Cultons moved to dismiss the complaint on the ground that it was barred by the statute of limitations. The bankruptcy court granted the motion and dismissed the adversary proceeding. The bank appealed that order to the district court. The district court reversed the bankruptcy court's order and reinstated the complaint. The Cultons then perfected this appeal.

## II. *Discussion*

The bank's complaint is based on its allegation that the Cultons possessed the stolen jewelry and coins prior to filing their petition and knowingly failed to list such assets in their schedule. The district court, applying the doctrine of equitable tolling, found that the bankruptcy court erred in granting the Cultons' motion to dismiss. The district court reinstated the adversary proceeding.

Prior to oral argument, we *sua sponte* questioned whether the district court's order is immediately appealable and directed the parties to address the jurisdictional question. In response to our directive, both parties contend that, although the district court's order is not final pursuant to 28 U.S.C. § 158(d), it is appealable under 28 U.S.C. § 1292(a)(1), which allows appeals from interlocutory orders regarding injunctions. This case presents a question of first impression in this circuit.

The jurisdiction of this court in bankruptcy proceedings is limited to final decisions of the district court. *See* 28 U.S.C. § 158(d). As with other types of cases, a final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment. *See In re Tidewater Group, Inc.*, 734 F.2d 794, 795–96 (11th Cir.1984). More specifically, this court has held that when the district court remands a case to the bankruptcy court and the remand order requires significant judicial activity by the court, the district court's order is not appealable to this court. *See In re TCL Investors*, 775 F.2d 1516, 1518–19 (11th Cir.1985). Because the district court's order requires the bankruptcy court to conduct further proceedings, we hold that it is not final and appealable under § 158(d).

Alternatively, the parties contend that the order is appealable as an interlocutory order modifying an injunction, pursuant to 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) provides that this court shall have jurisdiction of appeals from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." This section is applicable to appeals in bankruptcy proceedings. *Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). We have reviewed the district court's order and observe that it does not explicitly address any sort of injunction. However, the Supreme Court has held that interlocutory orders injunctive in effect are appealable under § 1292(a)(1) where the litigant can show that the order might have a "serious, perhaps irreparable consequence," and that the order can be "effectively challenged" only by immediate appeal. *Carson v. American Brands, Inc.*, 450 U.S. 79, 83–84, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981). Therefore, the real issue before us is whether the district court's order is injunctive in effect and whether it meets the *Carson* test.

The parties contend that the district court's order modifies an injunction because it nullifies the statutory provisions of 11

U.S.C. § 524(a)(2). That section provides that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Thus, the parties contend that the district court's reinstatement of the adversary proceeding to revoke the discharge modified the injunction contained in this statutory provision. The order could, therefore, be viewed as injunctive in effect because it has resulted in the continuation of the bankruptcy proceeding following the discharge.

 However, it is unclear whether the mere institutional reinstatement of the adversary proceeding in this case violated the injunctive provision of § 524(a)(2). In 11 U.S.C. § 727(d), Congress specifically provided for a proceeding that may be instituted by a creditor following discharge by allowing the creditor to request that the court revoke the discharge. While it is apparent that revocation of discharge under § 727(d) "is equivalent to the dissolution of the [§] 524 injunction created by the discharge," *Matter of Hendrix,* 986 F.2d 195, 198 (7th Cir.1993), it is less apparent what effect, if any, the institution or reinstatement of a proceeding to revoke a discharge has on the injunctive provisions of § 524. Arguably, the injunction has yet to be modified or dissolved until the bankruptcy court takes further action in the reinstituted adversary proceeding.

Assuming that the district court's order has the effect of modifying or dissolving the injunctive provision of § 524, the Cultons still must show that the order meets the two prongs of the *Carson* test. They argue that because § 524 prohibits the continuation of bankruptcy proceedings after discharge, they should not be forced to continue litigating and should be able to appeal now before they expend significant amounts of time and money. In our view, this contention fails to meet the high threshold of *Carson.* Indeed, we hold that this appeal is premature and should be brought when and if the injunction is actually dissolved by revocation of the discharge. The Supreme Court has cautioned that the exception to the final judgment rule contained in § 1292(a)(1) is a very narrow one and should not be used so as to compromise the integrity of the strong congressional policy against piecemeal appeals. *See Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 480–82, 98 S.Ct. 2451, 2453–54, 57 L.Ed.2d 364 (1978); *Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 24–25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966).

Accordingly, for the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.