IN RE: BOCA ARENA, INC., Debtor.

**Patricia Dzikowski, Plaintiff–
Appellant,**

v.

**Boomer's Sports & Recreation Center,
Inc., Defendant–Appellee.**

No. 98–4795.

United States Court of Appeals,
Eleventh Circuit.

Aug. 16, 1999.

Garry W. O'Donnell, Ft. Lauderdale, FL, for Plaintiff–Appellant.

Andrew D. Rafkin, West Palm Beach, FL, for Defendant–Appellee.

Before BIRCH and DUBINA, Circuit Judges, and SMITH *, District Judge.

* Honorable C. Lynwood Smith,, U.S. District Judge for the Northern District of Alabama, sitting by designation.

DUBINA, Circuit Judge:

## I.

Appellant Patricia Dzikowski, bankruptcy trustee ("the Trustee") in the matter of Boca Arena, Inc.'s Chapter 7 bankruptcy proceedings, filed this adversary proceeding concerning the debtor's transfer of a leasehold interest to Boomer's Sports & Recreation, Inc. ("Boomer's"). In the sole count of the complaint against Boomer's, the Trustee sought to avoid the transfer pursuant to 11 U.S.C. § 544(b). The Trustee also raised various claims relating to the transfer, including breach of fiduciary duty, conversion, and constructive trust, against three individual defendants.

After two days of trial, Boomer's moved for judgment on partial findings pursuant to Fed.R.Civ.P. 52(c). The bankruptcy court granted Boomer's motion and entered a partial final judgment in favor of Boomer's. Although the judgment completely resolved the Trustee's claim against Boomer's, it did not dispose of her claims against the individual defendants. Moreover, the bankruptcy court did not certify the partial judgment for immediate review pursuant to Fed.R.Civ.P. 54(b).

The Trustee filed a timely appeal to the district court, which affirmed the partial final judgment. The district court's order also was not certified pursuant to Fed. R.Civ.P. 54(b). The Trustee then filed a timely notice of appeal to this court. An updated bankruptcy docket sheet indicates that the adversary proceeding remains ongoing in the bankruptcy court.

After this court received the notice of appeal, we requested the parties to respond to the question whether the bankruptcy court's order was final and appealable. In response, both the Trustee and Boomer's contend that the order is appealable because it completely resolved the Trustee's claim against Boomer's notwithstanding the unresolved claims against the individual defendants. Both parties also contend that certification for immediate review under Fed.R.Civ.P. 54(b) was un-

necessary for the bankruptcy court order to be appealable.

## II.

This court lacks jurisdiction over a district court's disposition of an appeal from a nonfinal bankruptcy order. See 28 U.S.C. § 158(d); In re International Horizons, Inc., 689 F.2d 996, 1000 (11th Cir. 1982). To be final, a bankruptcy order need not be the last order concluding the bankruptcy proceeding as a whole. See In re Martin Bro. Toolmakers, Inc., 796 F.2d 1435, 1437 (11th Cir.1986). Nonetheless, the bankruptcy order must finally resolve an adversary proceeding, controversy, or entire bankruptcy proceeding on the merits and leave nothing for the court to do but execute its judgment. See In re Charter Co., 778 F.2d 617, 621 (11th Cir.1985); In re Tidewater Group, Inc., 734 F.2d 794, 795–96 (11th Cir.1984).

In bankruptcy, adversary proceedings generally are viewed as "stand-alone lawsuits," and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy. See generally 16 Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3926.2 (2d ed.1996). Moreover, Bankruptcy Rule 7054(a) expressly provides that Fed. R.Civ.P. 54(a)-(c) apply in adversary proceedings. See In re Chateaugay Corp., 922 F.2d 86, 90–91 (2d Cir.1990). Thus, according to a plain reading of the Bankruptcy Rules, a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed.R.Civ.P. 54(b). Still, both the Trustee and Boomer's contend that Rule 54(b) certification was unnecessary in this case because standards of finality under 28 U.S.C. § 158(d) are more relaxed than under 28 U.S.C. § 1291.

There are only two decisions from this circuit discussing the application of Rule 54(b) to bankruptcy adversary proceedings. *See In re Southeast Bank*, 97 F.3d 476, 479 (11th Cir.1996); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1264–65 (11th Cir.1988), *abrogated on other grounds, Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Both cases acknowledge that Rule 54(b) applies to adversary proceedings, but discuss only that portion of the rule allowing a court to modify its partial judgment "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R.Civ.P. 54(b). Neither case discusses the position urged by the parties in the present case—that flexible concepts of finality in bankruptcy proceedings should override the clear mandate of Fed.R.Civ.P. 54(b) and Bankruptcy Rule 7054(a), and allow an appeal like this one to proceed absent a Rule 54(b) certification.

The Trustee relies on a Seventh Circuit case, *In re Morse Electric Co., Inc.*, 805 F.2d 262 (7th Cir.1986), to support her position. In that case, the court held that in an adversary core proceeding in which the bankruptcy court has resolved one of several creditors' claims, the bankruptcy court's order is final and appealable without a Rule 54(b) certification. *See id.* at 264–65. The court relied on the flexibility concept under 28 U.S.C. § 158(d) and stated that "adherence to the norms of finality under § 1291 and Rule 54(b)" need not be rigid. *Id.* at 265.

We find more persuasive the holdings of other circuits. *See In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 452 (6th Cir.1997) ("In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed non-final for purposes of appeal."); *In re Chateaugay Corp.*, 922 F.2d at 91 (applying Rule 54(b) to adversary proceedings by virtue of Bankruptcy Rule 7054, which incorporates Rule 54(b)); *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir.1990) (noting that Bankruptcy Rule 7054(a) affords the bankruptcy court the same procedural mechanism ordinarily available to the district court); *In re Wood & Locker, Inc.*, 868 F.2d 139, 144 (5th Cir.1989) (same as *In re Chateaugay Corp.*); and *In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1066 (9th Cir.1984) (unique nature of bankruptcy proceedings did not warrant departure from requirements of Rule 54(b), applicable to adversary proceedings by virtue of Bankruptcy Rule 7054).

The Fifth Circuit in *In re Wood & Locker, Inc.* specifically addressed the Seventh Circuit's decision in *Morse* and found that although it agreed that the more flexible principles of finality developed under section 158(d) govern its appellate jurisdiction, it could not agree that this fact requires a deviation from the plain language of Rule 7054. *See* 868 F.2d at 144. "We therefore hold that given the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context." *Id.* The court declined to disregard the bright-line rule set down by Rule 54(b). *See id.* So do we.

## III.

We agree with the reasoning of the majority of our sister circuits and hold that Bankruptcy Rule 7054 requires the losing party in a bankruptcy adversarial proceeding to obtain Rule 54(b) certification before appealing. Because there is no Rule 54(b) certification in this case, we lack jurisdiction and dismiss this appeal.

APPEAL DISMISSED.