Joan A. FIGUEROA, Appellant,

v.

WELLS FARGO BANK N.A., Mortgage Electronic Registration Systems Inc., as Nominee, a Foreign Corporation, and America's Wholesale Lender, a Foreign Corporation, Appellees.

No. 06–81084–CIV–GOLD/TURNOFF.

United States District Court, S.D. Florida.

Sept. 24, 2007.

James Bonfiglio, Esq., Boynton Beach, FL, Sherri B. Simpson, Esq., Fort Lauderdale, FL, for Appellant, Joan Figueroa.

Philip Joseph Landau, Esq., & William Heller, Esq., Fort Lauderdale, FL, for Appellee, Wells Fargo Bank.

Jason Elliot Slatkin, Esq., Fort Lauderdale, FL, for Appellee, Mortgage Electronic Registration Systems, Inc.

Kimberly A. Leary, Esq., Fort Lauderdale, FL, for Appellee, America's Wholesale Lender.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION; CLOSING CASE

ALAN S. GOLD, District Judge.

**THIS CAUSE** is before the Court on Appellant's Initial Brief **[DE 29]** appealing the United States Bankruptcy Court for the Southern District of Florida's Order Dismissing with Prejudice Appellees' Wells Fargo Bank, N.A.("Wells Fargo"), America's Whole Lenders and Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic Registration") from the underlying adversary proceeding. Appellees filed an Answer Brief **[DE 30]** on July 20, 2007. Appellant filed her Reply Brief **[DE 31]** on July 30, 2007. Because I conclude that I do not have jurisdiction, this Appeal is dismissed.

## II. Factual Background and Procedural History

The facts of this case, as summarized in my previous Order Denying Appellees' Motion to Dismiss **[DE 15]**, are as follows: Appellant owned and resided in real property located in Boca Raton, Florida. On May 20, 2005, Appellant agreed to sell the property to Nicole Smith, a defendant in an adversary proceeding before the Bankruptcy Court. Ms. Smith and Appellant also agreed that Appellant would lease the property back from Ms. Smith with an option to repurchase it in one year. Appellant continued to reside in the property after the transaction; Ms. Smith never resided there. Ms. Smith financed the original purchase of the property with a loan from Appellee Wells Fargo. Then, Ms. Smith refinanced the property with a loan from Appellee America's Wholesale Lender. Appellee Mortgage Electronic Regis-

tration was named Appellee America's Wholesale Lender nominee and mortgagee in the mortgage.

On May 22, 2006, Debtor/Appellant sued Appellees in an adversary proceeding before the United States Bankruptcy Court for the Southern District of Florida. Debtor primarily sought the rescission of two residential mortgage loans under federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* On September 21, 2006, the Bankruptcy Court ·entered an order dismissing the adversary complaint against the Appellees finding that the Debtor/Appellant did not have a right to rescind the mortgage loans and that TILA was not violated. Subsequently, Debtor/Appellant filed a Motion to Reconsider the Dismissal Order. The Bankruptcy Court denied the Reconsideration Motion. On November 21, 2006, Debtor/Appellant filed a Notice of Appeal in which she appealed the Order on Appellees' Motion to Dismiss and the Order denying her Motion for Reconsideration. On December 5, 2007, Appellees filed a Motion to Dismiss the Bankruptcy Appeal.

On February 8, 2007, I entered an Order Denying Appellees' Motion to Dismiss the Appeal on jurisdictional grounds and Granting Certification of the Appeal to the Eleventh Circuit [DE 15] (hereinafter, the "Feb. 8 Order"). On April 16, the Eleventh Circuit issued two Orders: (1) dismissing Appellant's Notice of Appeal [DE 24] for lack of jurisdiction; and, (2) denying the Appellant's Rule 5 petition for permission to appeal [DE 28]. The Order denying the Rule 5 petition did not articulate the specific grounds for the denial. Thereafter, I held a telephonic status conference to discuss the Eleventh Circuit Orders. During the conference, the parties raised novel additional jurisdictional questions. Following the telephonic status conference, I issued an Order [DE 28] re-opening the case and directing the parties to submit briefs addressing this Court's jurisdiction and the merits of the appeal. Appellant's Initial Brief [DE 29], Appellees' Answer Brief [DE 30], and Appellant's Reply Brief [DE 31] have been filed and this matter is ripe for review.

### III. Standard of Review

■ District courts function as appellate courts in reviewing bankruptcy court's decisions. *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir.2000). On appellate review, factual findings of the bankruptcy court are reviewed under the limited and deferential "clearly erroneous" standard. Fed. R. Bankr.P. 8013; *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069, 1071 (11th Cir.1990) Conclusions of law and application of the bankruptcy court are subject to *de novo* review. *Id.*

### IV. Analysis

#### A. Jurisdiction

A district court has appellate jurisdiction over the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which provides, in pertinent parts, that:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders and decrees;

...; and

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 147 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving. 28 U.S.C. § 158(a).

In her Initial Brief, Appellant argues that this court has appellate jurisdiction because the bankruptcy order disposed of all the issues "between these parties in the adversary [proceeding]" and the pending claims against the remaining defendants are separate from the claims against the present appellees. Appellant further argues that even if the bankruptcy order was not final, I should treat her timely Notice of Appeal as a Motion to Appeal pursuant to Bankruptcy Rule 8003(c)[1] and grant discretionary leave to appeal. Finally, Appellant argues that Appellees time to seek a rehearing of the Feb. 8 Order has passed and, as a result, the Order dismissing Appellees' Motion to Dismiss stands as the law of the case.

In response, Appellees argue: (1) that the bankruptcy court's order is not final because it did not dispose of all the parties and claims in the adversary proceeding below; (2) that Appellant's request for discretionary appeal should be denied because Appellant has failed to demonstrate that "at least two courts interpret the relevant legal principle differently" and because an interlocutory appeal will not advance the ultimate termination of the litigation; and, (3) that Appellees do not seek an untimely rehearing of the Feb. 8 Order because jurisdiction can be raised at any time. I agree with Appellants that jurisdictional questions may be raised at any time and that the bankruptcy court's order was not final. Consequently, I will treat Appellant's Notice of Appeal as a Motion to Appeal. Having considered the parties' arguments and applicable case law, I conclude that leave to appeal should not be granted.

## B. Reconsideration of Jurisdictional Questions

As a threshold matter, Appellees' Answer Brief does not seek an untimely rehearing of the Feb. 8 Order in which I initially concluded the bankruptcy court's order was final. A Federal court must always determine whether it has jurisdiction to hear a case. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (U.S.2006)("The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)("Without jurisdiction the court cannot proceed at all in any cause ... On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes."); *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1255 (11th Cir.2003) (A federal court "must always first be sure of [its] own jurisdiction whenever it is in doubt."). Furthermore, in light of the Eleventh Circuit Orders denying this appeal and the novel jurisdictional questions raised by the parties during the May 11, 2007 telephonic status conference, I specifically instructed the parties to submit briefs addressing this Court's jurisdiction.

---

1. Bankruptcy Rule 8003 discusses motions for leave to appeal under 28 U.S.C. § 158(a). Pertinent parts of the Rule state:

    (c) Appeal improperly taken regarded as a motion for leave to appeal. If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed.

(Order Following Telephonic Status Conference, DE 28 at 1). For these reasons, I conclude that Appellees' arguments as to whether the bankruptcy court's order was final are appropriate for my review.

### C. Finality of the Bankruptcy Court's Order

■■ In the bankruptcy context, district courts sit as appellate courts and "have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges." *The Charter Co. v. The Prudential Ins. Co. of Am. (In re Charter),* 778 F.2d 617, 621 (11th Cir.1985) (citing 28 U.S.C.A. § 158(a)). Generally, a final decision is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Anastasia Cruises, Inc. v. Exxon Mobil Corp.,* 331 F.3d 1257, 1259 (11th Cir.2003). In bankruptcy cases, "[t]he statutory requirement of finality is a flexible concept, grounded in the practicalities of the situation." *In re Allied Holdings, Inc.,* 376 B.R. 351, 355 (D.Ga.2007)(quoting *Jove Eng'g, Inc. v. I.R.S.,* 92 F.3d 1539, 1548 (11th Cir.1996)). A bankruptcy case is "an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed." *Id.* at 355. Thus, "[f]inality of bankruptcy orders cannot be limited to the last order concluding the bankruptcy case as a whole." *Id.* at 355. This flexible standard, however, does not mean that the district court has jurisdiction over every order the bankruptcy court issues.

■■ In the context of adversary proceedings, the Eleventh Circuit has consistently held that bankruptcy "adversary proceedings ... are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." *Dzikowski v. Boomer's Sport's & Recreation Ctr., Inc. (In re Boca Arena, Inc.),* 184 F.3d 1285, 1286 (11th Cir.1999); *In re Charter,* 778 F.2d at 621 (citing *In re Saco Local Dev. Corp.,* 711 F.2d 441, 443–46 (1st Cir.1983)) ("In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation."). In *In re Boca,* the bankruptcy trustee sought review of an order that entered partial final judgment completely resolving the trustee's claim against the corporate defendant but not disposing of the claims against three other individual defendants. *Id.* In that case, the Eleventh Circuit declined to accept the parties' argument that the relaxed standards of finality in bankruptcy proceedings made the order final and thus appealable as of right. Instead, the Eleventh Circuit concluded that "a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed. R.Civ.P. 54(b)." *Id.; see also Slobodinsky v. Salkin (In re Saber),* 264 F.3d 1317 (11th Cir.2001)("In bankruptcy cases, adversary proceedings are generally viewed as equivalent to other types of lawsuits so that final judgments in adversary proceedings are normally appealable in the same way as non-bankruptcy cases.").[2]

**2.** Bankruptcy Rule 7054 states that "Rule 54(a)-(c) FR Civ applies in adversary proceedings." Fed. R. Bank. P. § 7054. In turn, Federal Rule of Civil Procedure 54(b) states:

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action . . . . or when multiple parties are involved, the court may direct the entry of a final

In appeals of bankruptcy orders involving multiple claims or multiple parties, the majority of the circuit courts, including the Eleventh Circuit, "have ruled that, despite the more lenient standards of finality in bankruptcy, any order granting partial disposition of an adversary proceeding is not final in the absence of strict compliance with Rule 7054(b)." *Dwyer v. Cohn (In re Dwyer)*, 244 B.R. 426, 429 (8th Cir. BAP 2000); *see In re Boca Arena, Inc.*, 184 F.3d at 1286–87 (11th Cir.1999)(ruling that flexible concepts of finality in bankruptcy proceedings should not override the clear mandate of Rule 54(b) and Bankruptcy Rule 7054(a)); *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 452 (6th Cir.1997)("In the absence of certification under Rule 54(b) as to the finality of a partial disposition by the district court in a bankruptcy proceeding, any partial disposition is deemed nonfinal for purposes of appeal."); *Estancias La Ponderosa Dev. Corp. v. Harrington (In re Harrington)*, 992 F.2d 3, 6 n. 3 (1st Cir.1993) ("Just as an appeal in a civil action normally may not be taken under section 1291 until all claims of all parties to the action have been finally resolved, *see* Fed.R.Civ.P. 54(b), so too must some special justification be shown for departing from the finality rule relating to adversary proceedings...."); *LTV Steel Co. v. United Mine Workers (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir.1990)(applying Rule 54(b) to adversary proceedings by virtue of Bankruptcy Rule 7054, which incorporates Rule 54(b)); *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 265–66

(10th Cir.1990)(noting that Bankruptcy Rule 7054(a) affords the bankruptcy court the same procedural mechanism ordinarily available to the district court); *Comm. of Unsecured Creditors v. Interfirst Bank (In re Wood & Locker, Inc.)*, 868 F.2d 139, 144 (5th Cir.1989)([G]iven the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context); *Clark v. First State Bank (In re White Beauty View, Inc.)*, 841 F.2d 524, 526 (3d Cir.1988)("Despite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions ... [I]n assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation."); *Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.)*, 738 F.2d 1065, 1066–67 (9th Cir.1984)(unique nature of bankruptcy proceedings did not warrant departure from requirements of Rule 54(b), applicable to adversary proceedings by virtue of Bankruptcy Rule 7054); *but see Matter of Morse Elec. Co., Inc.*, 805 F.2d 262, 264–65(7th Cir.1986)(when adversary proceeding is a core proceeding, resolution of one creditor's full position is "final" under § 158(d) without the need for a formal

judgment as to one or more but fewer than all ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.*

Fed.R.Civ.P. 54(b) (emphasis added).

entry of judgment under Rule 54(b)).[3]

Strict compliance with Rule 54(b) has been required even when, as here, the order below dismissed with prejudice one or more of claims or parties in an adversary proceeding. *See Car–Go Parts Ctr. v. Federal Mogul Corp.,* 180 B.R. 507, 509 (N.D.Ill.1995)(*sua sponte* dismissing appeal for lack of jurisdiction because bankruptcy court's order dismissing "with prejudice and without leave to amend" three counts of a four count complaint was not a final order); *Ritter Ranch Dev., L.L.C. v. City of Palmdale (In re Ritter Ranch Dev., L.L.C.),* 255 B.R. 760, 763 (9th Cir. BAP 2000)(stating that the bankruptcy court's order dismissing "with prejudice" one of three claims in a complaint is not a final order, absent a Rule 54(b) certification).

The Eleventh Circuit cited *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 734 F.2d 794 (11th Cir.1984) and *Clay County Bank v. Culton (In re Culton),* 111 F.3d 92 (11th Cir.1997) in their order dismissing this appeal for lack of jurisdiction. [DE 24]. In *In re Tidewater,* the district court held that a bankruptcy order denying a petition to approve a settlement was not final and dismissed the appeal. *In re Tidewater Group, Inc.,* 734 F.2d at 795. On appeal, the Eleventh Circuit held that it did not have jurisdiction to hear the case because the bankruptcy court was interlocutory. *Id.* at 796 ("This Court is without jurisdiction to review an appeal of a bankruptcy court order which is not final."). In *In re Culton,* the Eleventh Circuit dismissed an appeal of a bankruptcy order for lack of jurisdiction concluding that, "[b]ecause the district court's order required the bankruptcy court to conduct further proceedings, we hold that it is not final and

appealable under 158(d)." *In re Culton,* 111 F.3d at 93. These cases are instructive because they suggest that the Bankruptcy's Court's Order is not final and, therefore, the Eleventh Circuit does not have jurisdiction to hear this appeal.

Here, the appeal arises from an order dismissing three of the eight defendants from the underlying adversary proceeding. Because it is an adversary proceeding, Rule 54(b) applies. Fed. R. Bank. P. § 7054(a); *In re Boca,* 184 F.3d at 1286 ("Bankruptcy Rule 7054(a) expressly provides that Fed.R.Civ.P. 54(a)-(c) apply in adversary proceedings."). Although the order below ended the litigation between Appellant and Appellees, the order did not terminate the entire adversary proceeding. Additionally, the bankruptcy court did not certify that there is no just reason for delay. *Cf. In re Boca,* 184 F.3d at 1287 ("We therefore hold that given the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context.") (quoting *In re Wood & Locker, Inc.,* 868 F.2d 139, 144 (5th Cir. 1989)). Thus, pursuant to Bankruptcy Rule 7054(a) and Rule 54(b), the adjudication of fewer than all parties in the adversary proceeding does not constitute a final order as to any of them. Having reconsidered the issue of finality and reviewed the parties' new arguments and case law not previously submitted to this Court, I conclude that absent a 54(b) certification from the bankruptcy court, the order dismissing

---

**3.** The Eleventh Circuit has considered and expressly rejected the Seventh Circuit's decision in *In re Morse Electric Co. See In re Boca,* 184 F.3d at 1287.

Appellees from the underlying adversary proceeding is not final.

■ In their Answer Brief, Appellees suggest "that the proper course of action would be for this Court to dismiss this appeal for lack of jurisdiction and remand this case back to the Bankruptcy Court. Upon remand, the Bankruptcy Court could then issue a Rule 54(b) judgment so this matter could then be heard as soon as possible in the appropriate appellate forum." (DE 30 at 2). I agree with Appellees that, after dismissal from this Court, the Bankruptcy Court may issue a Rule 54(b) judgments if it is so inclined. Additionally, pursuant to 28 U.S.C. § 158(d)(2)(B), the Bankruptcy Court has the authority to independently certify this matter directly to the Eleventh Circuit. When questioned at the hearing, Appellees conceded that there is a proper basis for a 54(b) certification in this case. Appellees further agreed to stipulate to a joint motion for an entry of partial final judgment in the underlying adversary proceeding. Appellees added, and I concur, that a partial final judgment would render the Bankruptcy Court's order final and grant this court jurisdiction to hear the merits of the appeal. Finally, the parties agreed to seek a direct certification of the legal question on appeal from the Bankruptcy Court to the Eleventh Circuit. However, should the Bankruptcy Court not certify this appeal, the parties agreed to an expedited appeal before me without further briefing. Having discussed the implications of these matters, I conclude that the best course of action is to dismiss the case for lack of jurisdiction and allow the parties to seek a partial final judgment and a certification to the Eleventh Circuit from the Bankruptcy Court.

## D. Discretionary Appeals of Interlocutory Orders

■ Having decided that the Order being appealed is not final, I now consider Appellant's Motion for Leave to Appeal.[4] When the bankruptcy order on appeal is not final, it is within the discretion of this Court whether to entertain the appeal pursuant to 28 U.S.C. § 158(a)(3). As explained below, I deny Appellant's Motion for Leave to Appeal because I do not find that there is a substantial ground for difference of opinion as to the relevant legal issue and because an interlocutory appeal in this case will not advance the ultimate termination of the underlying adversary proceeding.

■ Interlocutory review is generally disfavored for its piecemeal effect on cases. *United States v. MacDonald,* 435 U.S. 850, 853, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Prado–Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1276 (11th Cir.2000); *Colonial Bank v. Freeman, (In re Pac. Forest Prods. Corp.),* 335 B.R. 910, 919 (S.D.Fla.2005). Nonetheless, district courts have discretion to grant interlocutory review of bankruptcy court orders if the subject issue: "(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation." *In re Pac. Forest Prods. Corp.,* 335 B.R. at 919; *Babic v. Ford Motor Credit Corp. (In re Ashoka Enters., Inc.),* 156 B.R. 343, 346 (S.D.Fla. 1993); *Auto Dealers Group v. Auto Dealer Servs., Inc. (In re Auto Dealer Servs., Inc.),* 81 B.R. 94, 96(M.D.Fla.1987); *Am. Cabinets & Woodcrafting Corp. v. Polito*

4. As discussed above, pursuant to Bankruptcy Rule 8003(c), the Court may consider a notice of appeal to constitute a motion for leave to appeal. According, the notice which commenced this case shall be considered Appellant's Motion for Leave to Appeal.

*Enters., Inc. (In re American Cabinets & Woodcrafting Corp.)*, 159 B.R. 969, 971 (M.D.Fla.1993).[5] Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements. *Celotex Corp.*, 187 B.R. at 749.

### 1. Controlling Question of Law

■■■ An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258, 1260–62 (11th Cir.2004) (finding that because the issues presented involved application of the facts to the law, the movant could not prove a "controlling question of law") (quoting *Ahrenholz v. Bd. of Tr. of the Univ. of IL*, 219 F.3d 674, 677 (7th Cir.2000)); see also *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252–53 (11th Cir.2003) (granting interlocutory review of whether the district court had supplemental jurisdiction over class members who did not meet amount in controversy benchmark), aff'd, 543 U.S. 924, 125 S.Ct. 317, 160 L.Ed.2d 221 (2004). In certifying this appeal to the Eleventh Circuit, I concluded, and the parties do not contend otherwise, that the issue on appeal is a controlling issue of law.[6] Therefore, Appellant has presented a controlling issue in support of its Motions for Leave to Appeal and established part one of the three part standard.

### 2. Substantial Ground for Difference of Opinion

■■■ To satisfy the second element, Appellant must show that at least two courts interpret the relevant legal principle differently. *In re Pac. Forest Prods.*, 335 B.R. at 922. If the jurisdiction where the bankruptcy order was rendered has decided the issue, a substantial difference of opinion cannot exist. *Id.* (citing *In re Managed Care Litig.*, Nos. MDL 1334, 00–1334MDMORENO, 2002 WL 1359736, at *2 (S.D.Fla. Mar.25, 2002)). If there is no controlling authority, the district court may consider authority from other circuits. *Id.* Showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient. *Id.* (citing *In re Auto Dealer Servs.*, 81 B.R. 94 at 97(ruling that an issue of first impression is insufficient to establish that there are substantial grounds for difference of opinion)).

After a thorough search, I have found no case law from the Supreme Court or the Eleventh Circuit on the particular legal issue of whether a debtor who sells her

---

5. Since 28 U.S.C. § 158(a)(3) does not provide any criteria for determining whether a court should exercise its discretionary authority to grant leave to appeal, courts in the Eleventh Circuit look to the factors in 28 U.S.C. § 1292(b). *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.)*, 187 B.R. 746, 749 (M.D.Fla.1995) (citing *Foster Sec., Inc. v. Sandoz (In re Delta Servs.)*, 782 F.2d 1267, 1272 (5th Cir.1986))("[I]n determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b).").

6. The issue on appeal is:

If a debtor sells her home to a buyer and simultaneously enters into a lease with the buyer with an option to purchase the subject property back after given time and the debtor continues to live in the property after the transaction, does such a debtor have standing by virtue of any current or future ownership interest in the property to assert claims under Truth in Lending Act for rescission and to quiet title against creditors who provided financing to the buyer even if the debtor was not a party to subsequent mortgage transactions between the buyer and creditors? (Feb. Order, DE 15 at 9).

home but continues to live in the property, and who has retained an ownership interest in the property, has standing to assert TILA claims for recession and to quiet title against the creditors who provided financing to the buyer even though the debtor was not a party to the subsequent mortgage transactions. Having found no binding authority, I must determine whether "there is a substantial difference of opinion between the Bankruptcy Court's ruling, and the rulings of other courts." *Id.* at 922–923.

The bankruptcy court held that Appellant, as a non-signatory to the subsequent mortgages acquired by Ms. Smith to finance the purchase of Appellant's home, does not have standing to assert alleged TILA violations against Appellees. To establish the second element, therefore, Appellant must demonstrate that at least one other court has decided this issue substantially different. Appellant's Initial Brief does not address the three part standard applied to motions for leave to appeal.[7] In their Answer Brief, in arguing that the second element has not been established, Appellees state that "[w]hile Appellant claims to cite cases that are 'identical to Ms. Figueroa's facts,' a closer look at those cases reveals important differences." Appellant's reply is simply that Appellees concede that she has cited several cases contrary to the order below. The parties' arguments are misplaced and without merit.

The cases Appellant cites in her Initial Brief are in support of her argument that under Florida law the deed Ms. Smith obtained from Appellant should be considered a mortgage. The bankruptcy court's order did not decide the issue of whether the deed between Ms. Smith and Ms. Fi-

gueroa should be considered a mortgage under Florida law. Nor has the bankruptcy court decided whether Ms. Figueroa retained an ownership interest in her home. These issues are unresolved and not the subject of this appeal. Therefore, these cases are inapposite because they are not related to the legal issue that is the subject of this appeal. The issue on appeal, as previously construed by me, is whether, taking as true the allegation that Appellant retained an ownership interest in her home, Appellant can assert claims under the TILA for rescission and to quiet title against creditors who provided financing to the buyer of the home even if the debtor was not a party to the subsequent mortgage transactions between the buyer and creditors. Because Appellant has failed to demonstrate that at least two courts interpret this legal principle differently, the second element is not.

■■■ Appellant must satisfy all three elements of the standard for this Court to grant leave to appeal. *See Celotex Corp.*, 187 B.R. at 749 ("To appeal on this basis, Appellants carry the burden and must make a showing on all three elements to prevail."). Concluding that the second element has not been met is dispositive in my decision to deny Appellant's Motion. Nonetheless, for thoroughness of my decision, I will discuss the third element.

### 3. Advance Ultimate Termination of the Litigation

■■■ The third requirement for granting leave to appeal is met if resolution of the controlling question of law substantially reduces the amount of litigation left in the case. *McFarlin*, 381 F.3d at 1259. Logically, then, the most compelling grounds for granting interlocutory appeals

---

7. Appellant's Initial Brief simply argues that Bankruptcy Rule 8003(c) allows this Court to treat her Notice of Appeal as Motion to Ap-

peal and asks that this Court perform the analysis. (DE 29 at 24–25, n. 6). Appellant did not brief her own analysis of the factors.

exist when reversal of the issue on appeal would dispose of the entire bankruptcy case. *See In re Pac. Forest,* 335 B.R. at 924 ("[T]he most compelling grounds for interlocutory review exist when the reversal of an appellate issue would dispose of the entire case.").

Here, Appellant has failed to demonstrate that an appeal will advance the ultimate termination of the litigation. The bankruptcy court has not yet ruled on whether the transaction between Ms. Figueroa and Ms. Smith should be treated as a mortgage or a sale. Nor has the bankruptcy court decided whether Ms. Figueroa retained a security interest in her home or whether Appellant may assert TILA claims against Ms. Smith. The issue on appeal will not advance the ultimate termination of those questions. In fact, if I were to decide that Appellant has standing to bring TILA claims against Appellees and the bankruptcy court later decides that Appellant has not retained an ownership interest in her home, my decision would have to be vacated. Even if I were to uphold the bankruptcy court's order dismissing Appellees, this appeal would not advance the litigation because multiple claims against five other defendants are still pending. *See McFarlin,* 381 F.3d at 1262 (finding that interlocutory appellate decision would not advance litigation as other claims remained pending). For these reasons, I deny Appellant's Motion for Leave to Appeal. Because I have concluded that I do not have jurisdiction, I do not reach the merits of the appeal.

## V. Conclusion

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

(1) Appellants Appeal [DE 29] is **DISMISSED FOR LACK OF JURISDICTION.**

(2) All pending motions are **DENIED AS MOOT.**

(3) All hearing dates are **CANCELLED.**

(4) This case is **CLOSED.**

(5) Although this matter is not remanded, it is recommended that the Bankruptcy Court consider granting a partial final judgment pursuant to Bankruptcy Rule 7054, which incorporates Fed.R.Civ.P. 54(b). If the Bankruptcy Court issues a partial final judgment, it is also recommended it consider certifying the legal question on appeal directly to the Eleventh Circuit pursuant to 28 U.S.C. § 158(d)(2)(B).

(6) If the Bankruptcy Court issues a partial final judgment but does not certify the appeal to the Eleventh Circuit, this Court reserves **December 28, 2007, at 1:30 p.m.,** for oral argument on the merits of the appeal. The parties do not have to retransmit the record on appeal and no further briefing is necessary.

**DONE AND ORDERED.**