In re **OPELIKA MANUFACTURING CORPORATION, Debtor.**

Appeal of **ALABAMA POWER COMPANY, and William A. Brandt, Jr., Trustee.**

No. 87 C 8136, 87 C 9918.

United States District Court, N.D. Illinois, E.D.

Nov. 23, 1988.

Romaine S. Scott, III, Balch & Bingham, Birmingham, Ala., Benjamin D. Schwartz, Altheimer & Gray, Chicago, Ill., Harold L. Kaplan, Mary T. Donoghue, John L. Campbell, Mayer Borwn & Platt, Chicago, Ill., Towbin & Zazove, Chicago, Ill., for Alabama Power Co., in No. 87 C 8136.

Anthony C. Valiulis, Arthur Eosenson, Much, Shelist, Freed, Deneberg, Ament & Eiger, Chicago, Ill., for Opelika Mfg. Corp., in No. 87 C 8136.

Steven B. Towbin, Towbin & Zazove, Chicago, Ill., for Wm. A. Brandt, Jr., in No. 87 C 9918.

Benjamin D. Schwartz, Altheimer & Gray, Chicago, Ill., for Opelika Mfg. Corp., in No. 87 C 9918.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

These appeals arise out of the bankruptcy of Opelika Manufacturing Company (Opelika). The trustee, William A. Brandt, Jr. (Trustee), and Alabama Power Company (APCO) appeal from the bankruptcy court's order subordinating APCO's administrative claim to Congress Financial Corporation and Congress Financial Corporation (Central) (which we shall collectively refer to as CFC), and disallowing APCO's request to apply a $30,000 security deposit from Opelika as a set-off against its claim. Before us, however, is CFC's motion to dismiss both appeals for want of jurisdiction.

### I

On 23 May 1985 Opelika filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. CFC and APCO are creditors of Opelika. And on 25 August 1986 APCO filed an application seeking to apply a $30,000 security deposit it received from Opelika as a set-off against the $98,304.51 debt that Opelika incurred after filing its petition. APCO also requested to have the balance of the debt allowed as an administrative claim under 11 U.S.C. sec. 503(b), and an order subordinating CFC's claim to its own. CFC responded, taking a different view of the matter. On 12 December 1986 Judge Eisen entered an order allowing APCO's administrative claim, but denying APCO's requests to subordinate CFC's claim and to apply the security deposit as a set-off. The order "instructed" CFC's lawyer "to prepare a draft order * * * and serve the same upon counsel for [APCO]." APCO's Resp., Ex. A.

CFC presented its draft order to Judge Eisen on December 30, it was entered that same day and docketed on 6 January 1987.[1] Ten days later, on January 16, APCO served a Motion for Reconsideration pursuant to Bankr.R. 3008 on counsel for Opelika and CFC; and by letter dated 15 January 1987 APCO mailed its motion to the clerk of the bankruptcy court requesting that the motion be filed and a file-stamped copy returned. Because the motion was not filed in accordance with local bankruptcy rules of procedure, however, the clerk sent the documents back to APCO's counsel unsigned, noting that "[m]otions must be presented in court before the Presiding Judge." APCO's Resp., Ex. F.

The motion was not filed until February 16.

Judge Eisen set a briefing schedule on April 30; but on July 22, before APCO's and the Trustee's briefs were due to be filed, he denied the motion, ruling that because APCO "failed to file said motion within ten days of said orders (sic), this court has no jurisdiction to entertain such motion." APCO's Resp., Ex. G. Both APCO and the Trustee moved for reconsideration of the July 22 order contending that they had been denied due process of law. These motions were denied on July 30 and docketed on August 4. APCO filed its notice of appeal on August 12, appealing "from the final order * * * entered on December 30, 1986 and made final by [the] order dated July 30, 1987." The Trustee

---

1. APCO maintains that CFC's attorney presented the draft order to Judge Eisen without giving notice to APCO (see APCO's Resp. at 3–4, Ex. B, paras. 3–4), and that the draft order included a provision requiring APCO to turn over the security deposit to CFC even though Judge Eisen had not indicated as much on December 12. While these assertions may have some bearing on the merits of APCO's appeal, they are irrelevant to the disposition of this motion.

filed his notice on September 8, appealing "from Orders dated December 30, 1986, July 22, 1987 and July 30, 1987."

## II

### A

Federal district courts have appellate jurisdiction "from final judgments, orders and decrees" of the bankruptcy courts. 28 U.S.C. sec. 158(a). Because of the jurisdictional nature of the inquiry, we are obligated to determine whether the order appealed from is "final" even if the parties do not contest it. *In re Exennium, Inc.*, 715 F.2d 1401, 1402 (9th Cir.1983). *See also* 3 Cowans, *Bankruptcy Law and Practice* Sec. 18.2 (1986). We do so now.

"Final" does not mean the same thing in bankruptcy cases as it does in the ordinary civil context. *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985). Since bankruptcy actions usually involve "many disputes that would be independent lawsuits [in the normal civil context]", *In re Xonics, Inc.*, 813 F.2d 127, 129 (7th Cir.1987), courts take a "flexible approach to the definition of finality", *In re Kilgus*, 811 F.2d 1112, 1116 (7th Cir.1987). Thus an order fixing priorities among creditors is considered final even though further proceedings might be necessary to determine how much each creditor will actually receive from the liquidation of the bankrupt estate.[2] *King v. Ionization Intern., Inc.*, 825 F.2d 1180, 1184 (7th Cir.1987) (collecting cases); 1 *Collier on Bankruptcy* para. 3.03[6][b] (15th ed. 1987).

The December 30 order from which APCO and the Trustee appeal contains four provisions: (1) it allows APCO's administrative claim for $98,304.51 against Opelika; (2) it subordinates APCO's claim to the liens and security interests of CFC; (3) it denies APCO's request to apply a $30,000

security deposit it received from Opelika as a set-off; and (4) it requires APCO immediately to deliver the $30,000 security deposit to CFC's lawyers. We believe this order is final because it fixes the priorities between APCO and CFC and effectively wraps up the litigation between them.

### B

We now turn to the issue of the timeliness of APCO's notice of appeal. Whether the notice was timely filed depends on whether APCO complied with Bankr.R. 8002. Rule 8002(a) provides that a notice of appeal must be filed within 10 days[3] of the date of the "entry of the judgment"[4] appealed from. "Entry of . judgment" means the date of docket entry. *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 49–50 (7th Cir.1986) (per curiam). And since the 10 day limit is jurisdictional it must be construed strictly.[5]

Judge Eisen's December 30 order was docketed on January 6, giving APCO until January 16 to file its notice of appeal. Rule 8002(b)(3) provides, however, that the time period is "terminated" if the appellant timely files a motion "under Rule 9023 to alter or amend the judgment", in 'which case the time begins to run anew from the date of the order disposing of the motion. Rule 9023 states that Fed.R.Civ.P. 59 applies to bankruptcy cases, "except as provided in Rule 3008." Under Fed.R.Civ.P. 59(e), and therefore under Rule 9023, "[a] motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment." Rule 3008, however, contains no such time limit. *See* Bankr.R. 9023 advisory committee note (1983). Since APCO's initial motion for reconsideration was brought under Rule 3008, we must explore the relationship among Rules 3008, 8002, and 9023.[6]

---

**2.** An order is not final, however, if the parties dispute the amount of the claim, as opposed to the amount of a claim that can actually be recovered, *In re Goldblatt Bros., Inc.*, 758 F.2d 1248, 1250 (7th Cir.1985), unless the amount can be ascertained through mechanical or ministerial steps, *In re Wagner*, 808 F.2d 542, 544–45 (7th Cir.1986).

**3.** Fed.R.App.P. 4(a) allows 30 days for filing the notice of appeal. The shorter ten day limit contained in Rule 8002(a) is intended to foster prompt review—often critical in bankruptcy cases—to ensure that the bankrupt estate is equitably managed. Bankr.R. 8002(a) advisory committee note.

**4.** Bankr.R. 9001(7) defines "judgment" as any appealable order.

**5.** The view that the limitation on the time to appeal is jurisdictional, in the sense that a reviewing court lacks the power to entertain an appeal unless the notice is timely filed, is vigorously attacked by Professor Hall in *The Jurisdictional Nature of the Time to Appeal*, 21 Ga.L. Rev. 399 (1986).

**6.** We should make clear, however, that we do not believe that APCO's initial motion for reconsideration was a proper Rule 3008 motion. Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the es-

We begin with the observation that Rule 3008 motions are expressly excepted from Rule 9023; and under Rule 8002(b), only a timely filed Rule 9023 motion serves to terminate the time within which to file a notice of appeal. From this it could be argued that Rule 3008 motions do not terminate the time for filing an appeal, even if they are filed within the limit set by Rule 9023. This reasoning is unpersuasive, however; the reason for excluding Rule 3008 motions from Rule 9023 is to avoid restricting the bankruptcy judge's discretion to reconsider his order after the 10 day limit contained in Fed.R.Civ.P. 59(e) has lapsed, not to exclude such motions from the termination provisions of Rule 8002(b)(3). *In re Branding Iron Steak House*, 536 F.2d 299, 301 n. 1 (9th Cir.1976) (analyzing Bankr.R. 307, now Rule 3008).

■ In our view, if a Rule 3008 motion is timely filed within the meaning of Rule 9023 it terminates the time for appeal as provided in Rule 8002(b)(3).[7] This result has the advantage of maintaining the certainty provided by the 10 day limit while still allowing a Rule 3008 motion to terminate the appeal period; it is also consistent with the Seventh Circuit's recognition in the ordinary civil context that "all substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). Since Rule 3008 motions are substantive (as opposed to motions under Fed.R.Civ.P. 60(a) —itself adopted in Bankr.R. 9024—which seek mere technical corrections in a judgment) they should be treated as terminating the time for appeal if they comply with Rule 9023.

■ This brings us to the final issue we need to discuss: whether APCO's initial motion for reconsideration was timely filed. This turns on whether APCO's motion complied with Fed.R.Civ.P. 59(e), which provides that "[a] motion to alter or amend the judgment shall be served not later than 10

---

tate." APCO argues that its motion was correctly brought under Rule 3008 because the December 30 order disallowed its request to apply Opelika's $30,000 security deposit as a set-off against Opelika's debt. The Rule must be read in light of 11 U.S.C. sec. 502(j), which provides in part that "[a] claim that has been allowed or disallowed may be reconsidered *for cause*", (emphasis supplied). *See In re Colley*, 814 F.2d 1008, 1010 (5th Cir.1987); *In re Commodore Corp.*, 70 B.R. 543, 544–45 (Bkrtcy.N.D.Ind. 1987). Since APCO's Rule 3008 motion simply challenges the bankruptcy judge's reasoning, as opposed to adducing newly discovered evidence or the like, one could argue with some force that it *does not seek reconsideration for cause*, and therefore is not properly brought under Rule 3008. (Exactly what constitutes "cause", however, is not entirely clear. *See* 3 *Collier on Bankruptcy* para. 502.10 (15th ed. 1987); *In re Flagstaff Foodservice Corp.*, 56 B.R. 910, 913 (S.D.N.Y.1986).) Perhaps it should have been brought under Rule 9023.

All of this speculation makes very little difference, however, because, as we make clear above, we believe a Rule 3008 motion, like a 9023 motion, will terminate the time limit for filing a notice of appeal only if it is timely filed under Fed.R.Civ.P. 59(e) and 5(d).

**7.** Conversely, a motion for reconsideration filed under Rule 3008 will not terminate the time for filing an appeal if it is not timely filed within the meaning of Rule 9023. The advisory committee note to Rule 3008 states that "[t]he practitioner should not be lulled by Rule 3008 into loss of the right to appeal an unfavorable order by failure to file a notice of appeal within the ten days or extended time prescribed by Rule 8002." The note thus recognizes that one can lose the right to appeal from a final order even though one still has a right to file a Rule 3008 motion for reconsideration. The Rule cannot be read to terminate the time for appeal after expiration of the 10 day limit for another reason: it would inject uncertainty into the appeals process. No one would know when a bankruptcy case was finally decided. Appeals could be taken three, six, even ten months after a final judgment had been entered. "The time of appealability, having jurisdictional consequences, should above all be clear. * * * Courts and litigants are best served by [a] bright-line rule * * *." *Budinich v. Becton Dickinson and Co.*, — U.S. —, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). Accord *Kennedy v. Wright*, 851 F.2d 963, 967 (7th Cir.1988); *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir.1986); *Electrical Workers v. ICC*, 832 F.2d 91, 93 (7th Cir.1987). Jurisdictional rules allocate power among courts; and unless they are precise, "neither the litigants nor the judges know who is in charge at any given time." *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir.1987). Thus, to adopt the position urged by APCO would have the effect of beclouding litigants and judges seeking to ascertain when a case has been finally decided for purposes of appeal. This we will not do. (Our conclusion is consistent with the statements of other courts. *E.g.*, *In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987) (court's broad discretion under Rule 3008 and sec. 502(j) "should not * * * encourage parties to avoid the usual rules for finality of contested matters").)

days after entry of the judgment." It is undisputed that APCO's motion was served within the 10 day period, and therefore Rule 59(e) was satisfied. But serving a motion on opposing counsel in timely fashion does not mean it was timely *filed.* To make the latter determination we must look to Fed.R.Civ.P. 5(d),[8] which states that "[a]ll papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter * * *."

In light of these principles we think it is clear that these appeals must be dismissed. Judge Eisen's order rests on the erroneous basis that APCO failed to *file* its motion within 10 days of the entry of the judgment.[9] But Rules 9023 and 3008 require only that a motion for reconsideration be *served* within 10 days and filed within a reasonable time thereafter.

Since APCO's motion was served within the 10 day period, the only remaining issue is whether it was filed "within a reasonable time" after it was served. Until we know the answer to this question we cannot know whether we have jurisdiction to review Judge Eisen's December 30 order. This determination, however, is not one which should be initiated by a reviewing court. Accordingly, we dismiss these appeals, and remand these cases to the bankruptcy court for a determination of whether APCO's Rule 3008 motion was filed within a reasonable time after it was served.[10]

### III

The denial of APCO's Rule 3008 motion for reconsideration for want of jurisdiction

is vacated, and these actions are remanded to the bankruptcy court for further proceedings consistent with this opinion.

---

8. *Sadowski v. Bombardier, Ltd.,* 527 F.2d 1132 (7th Cir.1975), held that in determining whether a Fed.R.Civ.P. 59(e) motion is timely filed the court should look to Fed.R.Civ.P. 5(d). Accord *Wilson v. United States,* 112 F.R.D. 42, 43 (N.D. Ill.1986). Because Rule 9023 incorporates Fed. R.Civ.P. 59, it also incorporates Fed.R.Civ.P. 5(d) for purposes of determining whether a motion for reconsideration is timely filed.

9. Collier also takes the position that to terminate the appeal period under Rule 8002(b)(3), a motion for reconsideration "must be filed within the 10-day period of Rule 8002(a), else it comes too late." 1 *Collier on Bankruptcy* para. 3.03[2][a][i] (15th ed. 1987). To adopt this reasoning, however, would compel us to ignore Fed.R.Civ.P. 59(e) which requires only that the motion be served—not filed—within the 10 day

limit. And, as we have stated in the past, where the language of a Rule is clear we will not ignore it. *See Outboard Marine Corp. v. Chantiers Beneteau,* 687 F.Supp. 366, 367–68 (N.D.Ill. 1988).

10. This determination also will settle whether the Trustee can appeal from Judge Eisen's December 30 order. The Trustee did not file a notice of appeal within the time prescribed by Rule 8002 and is attempting to piggyback on APCO's notice of appeal for purposes of the December 30 order. *See* Bankr.R. 8002(a): "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."