Betty A. LINTON, Plaintiff-appellant,

v.

Carl W. GROW, Defendant-appellee.

No. IP 94–0544–C H/G.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 24, 1995.

Carolyn A. Hallanger, Joseph W. Hammes
& Associates, Indianapolis, IN, Sharon S.
Bilow, Much Shelist Freed Denenberg &
Ament, Chicago, IL, for plaintiff Betty A.
Linton.

John L. Stewart, Cohen & Malad, India-
napolis, IN, for defendant Carl W. Grow.

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

HAMILTON, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Southern District of Indiana. Appellant Betty A. Linton, a Chapter 7 debtor in the underlying case, appeals the denial of her objection to a claim filed by appellee Carl W. Grow. Linton argues that the bankruptcy court erred in allowing Grow's claim because the basis of that claim, a civil judgment against Linton, is owned by a corporate entity and not by Grow individually. (Grow had brought a successful shareholder's derivative action against Linton.) Grow responds that the merits of that question are not before this court because Linton's notice of appeal was not timely. He also claims he should win on the merits. For the reasons discussed below, the order of the bankruptcy court is affirmed as modified.

■ Before discussing the merits of this case, there are two threshold issues. The first is whether it comes to this court on a final appealable order. If it does not, then this court has no jurisdiction over the appeal. Both parties have cited authority illustrating that the February 2, 1994, order of the bankruptcy court overruling Linton's objection to Grow's claim was a final appealable order. The standard of finality for an order in bankruptcy is more flexible than in the usual civil case. *In re Wade*, 991 F.2d 402, 406 (7th Cir.1993); *In re Kilgus*, 811 F.2d 1112, 1116 (7th Cir.1987). The disposition of a creditor's claim is final for purposes of appeal under 28 U.S.C. § 158(d) "when the claim has been accepted and valued, even though the court has not yet established how much of the claim can be paid given, other, unresolved claims." *In re Morse Electric Co., Inc.*, 805 F.2d 262, 264 (7th Cir.1986). *See also In re Opelika Manufacturing Corp.*, 94 B.R. 484, 486 (N.D.Ill.1988) (order fixing priorities of creditors considered final even though further proceedings necessary to determine amount each creditor will receive). Here, the February 2, 1994, order overruling Linton's objection to Grow's claim resolved the issue of whether Grow's claim was accepted. Therefore, it was a final appealable

order over which this court has jurisdiction on appeal.

The second threshold issue is whether Linton's notice of appeal was timely and addressed to the underlying order of the bankruptcy court. Grow argues that Linton filed her notice of appeal only from the denial of her motion to reconsider and not from the order denying her objection to Grow's claims. Thus, Grow contends, the scope of Linton's appeal is limited to whether the bankruptcy judge abused his discretion in denying Linton's motion to reconsider. Linton argues that her notice of appeal, although perhaps technically taken from the denial of the motion to reconsider, is in effect an appeal of the underlying denial of her objection.

In support of her argument, Linton cites authority which holds that notices of appeals from orders denying motions to amend or vacate orders, "although inept," should be treated as appeals from the underlying substantive orders if there is no prejudice to the opposing party and the appeal is timely. *See Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Johnson v. University of Wisconsin–Milwaukee*, 783 F.2d 59, 61 (7th Cir.1986); *Hennessy v. Schmidt*, 583 F.2d 302, 306 (7th Cir.1978); 6A Moore's Federal Practice, ¶ 59.15[1]. She argues that in this case, her motion to reconsider was timely because it was filed and served within ten days of the February 2, 1994, order. She also argues that construing the notice of appeal to relate to the February 2, 1994, order rather than the March 14, 1994, denial of her motion to reconsider does not prejudice Grow. Specifically, she asserts that the papers she has filed on appeal show that she is appealing the issue of Grow's ability to bring the claim in bankruptcy in his individual capacity.

■ When the bankruptcy court overruled Linton's objection to Grow's claim on February 2, she had ten days to file a notice of appeal of that order pursuant to Fed.R.B.P. 8002(a). She did not file a notice of appeal, but instead filed a motion to reconsider with the bankruptcy court within ten days of the February 2 order. Her motion to reconsider was expressly filed pursuant to Fed.R.B.P.

9024, the bankruptcy equivalent of Fed. R.Civ.P. 60. As in Fed.R.Civ.P. 60 practice, the bankruptcy rules do not provide for the tolling of the time for appeal after the filing of a motion under Bankruptcy Rule 9024.

If Linton had filed a motion to amend or vacate the February 2, 1994, order pursuant to Fed.R.B.P. 9023, then she would be able to invoke the tolling device she needs. Bankruptcy Rule 9023 authorizes the use of Rule 59 of the Fed.R.Civ.P., and Rule 59(e) provides for motions to alter or amend a judgment. Bankruptcy Rule 8002(b) provides in part that where a party files a motion to alter or amend the judgment under bankruptcy rule 9023, "the time for appeal for all parties shall run from the entry of the order" granting or denying the motion.

Linton argues that although filed as a Rule 9024 motion, her motion to reconsider is better characterized as a Rule 9023 motion. Courts have held that in some cases, motions for reconsideration are actually better labeled motions to alter or amend the judgment under Rule 59(e). *See In re Charley's Tour and Transportation, Inc.*, 133 B.R. 237, 239 (D.Hawaii 1991); *Creative Data Forms, Inc. v. Pennsylvania Minority Business Dev. Auth.*, 72 B.R. 619, 622 (E.D.Pa.1985), *aff'd*, 800 F.2d 1132 (3d Cir.1986). In this case, Linton's motion has all the earmarks of a Rule 9024 (or Rule 60) motion. Linton called her motion a "Motion to Reconsider Denial of Debtor's Objection to Claim Filed by Carl W. Grow," and not a motion to alter or amend the judgment. She specifically invoked Fed.R.B.P. 9024 and Fed.R.Civ.P. 60(b). She did not mention Fed.R.B.P. 9023 or Fed.R.Civ.P. 59(e) at all. Finally, Linton argued that the motion was made in light of additional evidence discovered after the hearing—the ground for relief from a judgment or order under Rule 60(b)(2).

■ Nonetheless, the Seventh Circuit has held that "all *substantive* motions served within 10 days of the entry of judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986) (emphasis added) (adopting rule from *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.1986) (*en banc*)). This rule has been imported from the usual civil context to bankruptcy. *In re Opelika Manufacturing Corp.*, 94 B.R. at 487. Although she asked for exactly the relief offered by Rule 9024 and Rule 60, Linton's motion was clearly *substantive*. Therefore, in light of the *Daley* rule, and because there is certainly no unfair prejudice to Grow, Linton's motion to reconsider is better characterized as a motion made under Rule 9023 and Rule 59(e). Her motion therefore tolled the time for filing her notice of appeal. Because her notice of appeal was timely, the merits of the bankruptcy court's denial of her objection to Grow's claim are properly before this court.

■ On the merits, Grow has offered no arguments to show why the bankruptcy court was correct to allow his claim as filed in his individual capacity. There is no dispute that the underlying judgment in the state court was granted to "Carl W. Grow, on behalf of the nominal Defendant, Greenwood Development Corporation." The judgment was entered in Grow's derivative action against her. Linton contends that since the suit was brought by Grow on behalf of the corporation, only the corporation can bring a claim in bankruptcy based upon the judgment rendered therein. Both parties agree that the claim Grow filed was in his individual capacity and not on behalf of the corporation.

However, there is no reason that Grow could not have filed the claim on behalf of the corporation, and the issue for this court is the appropriate remedy for the apparently defective claim. Linton asks the court to deny the claim outright, and it would be too late for Grow or anyone else acting on behalf of the corporation to file a new claim. In a previous order, this court has referred to this appeal as a case of "dueling technicalities," one dealing with the defects in Linton's notice of appeal and the other with Grow's failure to designate the claim properly. The court has dealt with the notice of appeal issue in such a way as to permit resolution on the merits where there is no unfair prejudice from doing so, and the court believes the issue of the designation of the claimant should be treated similarly. Linton's proposed resolution would apparently insulate

her entirely from a perfectly valid final judgment issued by the courts of Indiana.

The defect in Grow's claim could be cured by a simple amendment indicating that Grow asserts his claim on behalf of Greenwood Development Corporation. In the bankruptcy court, either Grow could have sought leave to amend, or the bankruptcy court could have itself deemed the pleadings amended. "Ordinarily, amendment of a proof of claim is freely permitted so long as the claim provided adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable. The court should not allow truly new claims to proceed under the guise of amendment." *In re Unioil, Inc.,* 962 F.2d 988, 992 (10th Cir. 1992). *See also In re Unroe,* 937 F.2d 346, 349 (7th Cir.1991) (bankruptcy rules provide that a creditor may amend a claim after time of filing proof of claim has expired if the amended claim meets the "conduct, transaction, or occurrence" test of Fed.R.Civ.P. 15(c)).

Here, there would have been no unfair prejudice to Linton if Grow had amended his claim to specify that it was filed on behalf of the corporation. Linton was aware of the source of the claim and the amount of the claim. Moreover, she was and is acutely aware of the relationship between the claim as brought and the claim as amended. The difference between the capacities in which Grow might bring the claim is precisely the reason (and the only reason) Linton objected to the claim, asked for reconsideration, and brought this appeal.

 The fact that the defect in the claim might have been cured in the bankruptcy court does not necessarily mean, however, that the defect may be cured now, on appeal. Because there is no dispute over the merits of the final judgment in the Indiana courts, and because there would be *no unfair* prejudice to Linton, the court believes the bankruptcy court's judgment on Grow's claim should be modified to deem the claim to be one on behalf of Greenwood Development Corporation. That amendment is not conceptually distinct from the one allowed in *In re Unioil,* where a trustee filed a claim without indicating his representational capacity, but was allowed to amend the claim to reflect the proper party bringing the claim. 962 F.2d 988. In addition, a complaint can be amended at any time, even in the court of appeals, to conform to the evidence, and that approach makes the most sense here. *See Cates v. Morgan Portable Bldg. Corp.,* 780 F.2d 683, 690 (7th Cir.1985) (amendment of pleadings may be allowed on appeal).

## CONCLUSION

In light of the foregoing, the bankruptcy court's order of February 2, 1994, overruling Linton's objection to the claim of Carl Grow is MODIFIED to reflect that the claim filed by Grow is a claim on behalf of Greenwood Development Corporation, and the order, as thus modified, is AFFIRMED.