**In Re: Stuart J. ATLAS, Vicki K. Atlas, Debtors.**

**James O. Guy, Plaintiff–Appellant,**

v.

**Patricia Dzikowski, Trustee, Defendant–Appellee.**

No. 98–4553.

United States Court of Appeals, Eleventh Circuit.

April 24, 2000.

---

Lynn Elizabeth Gollin, Tew, Cardenas, Rebak, Kellogg, Lehman, Demaria & Tague, LLP, Miami, FL, Richard Siegmeister, Richard Siegmeister, P.A., Coconut Grove, FL, for Defendant–Appellee.

Before COX and DUBINA, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

DUBINA, Circuit Judge:

This case requires us to decide an issue of first impression in this circuit: whether a bankruptcy court order imposing sanctions is final and appealable where the determination of damages remains outstanding. We hold that such an order is not final, and accordingly, dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

Stuart J. Atlas and Vicki K. Atlas ("the debtors") filed a Chapter 7 bankruptcy petition, claiming that Florida Statute § 222.21 exempted their interests in certain pension and profit-sharing plans ("the Plans") from the bankruptcy estate. Patricia Dzikowski, the Chapter 7 trustee ("the trustee"), objected to the debtors' exemption of the Plans, asserting that the Plans were not qualified under ERISA, and therefore, were not exempt under 11 U.S.C. § 541. James O. Guy, appellant/trustee for the Plans ("Guy"), filed a complaint in federal district court in New Jersey ("the ERISA action") seeking a declaratory judgment that the Plans were not part of the bankruptcy estate. Guy also sought injunctive relief to prevent the bankruptcy trustee from objecting to the Plans in bankruptcy court or otherwise asserting any claim to the debtors' interest in the Plans.

The trustee filed a motion in bankruptcy court asserting that Guy's ERISA action violated the bankruptcy code's automatic stay provision, 11 U.S.C. § 362(a)(3), and his action warranted sanctions under 11 U.S.C. § 362(h). After a hearing, the bankruptcy court found that because no court had determined whether the Plans were ERISA-qualified or not, Guy had willfully violated the automatic stay. Ac-

cordingly, the bankruptcy court imposed sanctions against Guy and awarded damages, including attorney's fees and costs, to the trustee. The district court affirmed the bankruptcy court's order, and Guy appealed to this court.[1] This court raised *sua sponte* the jurisdictional question.

## II. DISCUSSION

█ Guy contends that this court has jurisdiction because the computation of costs and attorney's fees is a purely ministerial duty collateral to the merits of the action.[2] The trustee agrees with Guy that the bankruptcy court's order is final and appealable.

█ "The jurisdiction of this court in bankruptcy proceedings is limited to final decisions of the district court." *In re Culton*, 111 F.3d 92, 93 (11th Cir.1997). "[A] final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *Id.* An order granting judgment on the issue of liability but requiring an assessment of damages is not considered an appealable final order for purposes of 28 U.S.C. § 1291. *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 1205–06, 47 L.Ed.2d 435 (1976). However, the Supreme Court has determined that attorney's fees issues are collateral to the merits, and therefore, a decision on the merits is a "final judgment" whether or not the assessment of attorney's fees remains to be resolved. *See Budinich v. Becton Dick-*

*inson & Co.*, 486 U.S. 196, 200, 202–03, 108 S.Ct. 1717, 1721–22, 100 L.Ed.2d 178 (1988). We have interpreted *Budinich* as holding that "attorney's fees is always a collateral issue." *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir.1998).

We have not specifically addressed the issue of whether a bankruptcy court's order finding a violation of the automatic stay provision is a final judgment where the court defers assessment of damages, including attorney's fees and costs under § 362(h).[3] The federal appellate courts which have addressed this issue have done so with varied results. *See e.g., In re Fugazy Express, Inc.*, 982 F.2d 769, 775–76 (2d Cir.1992) (holding that bankruptcy court's order finding a transfer improper was not a final order because an accounting of the damages to be paid had not been completed); *In re Colon*, 941 F.2d 242, 244 (3rd Cir.1991) (holding that a bankruptcy court's order was final where assessment of attorney's fees remained to be resolved); *In re Morrell*, 880 F.2d 855, 855–56 (5th Cir.1989) (holding that a bankruptcy court's order was not final where assessment of damages pursuant to § 362(h) remained to be resolved); *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985) (noting that "an order upholding liability but leaving damages for subsequent determination is not a final order").

We find the reasoning of the Fifth Circuit in *Morrell* to be persuasive.[4] The

---

1. The trustee filed a motion for attorney's fees incurred in defending this appeal. We denied that motion. She then filed a motion for reconsideration of our order denying award of attorney's fees, which we also deny.

2. Guy also argues (1) that the bankruptcy court order is final because the debtors' interest in the Plans was not property of their estate; (2) that the bankruptcy court order denying relief from an automatic stay is final; and (3) that the bankruptcy court order constitutes an immediately appealable injunction under 28 U.S.C. § 1292. We find these arguments unpersuasive.

3. We have recognized "the bankruptcy court's well-established power under § 362(h) ... to

impose proper sanctions, including damages, costs and attorney's fees, for violations of the automatic stay." *In re Rush–Hampton Indus., Inc.*, 98 F.3d 614, 617 (11th Cir.1996).

4. Language from our decision in *In re Tidewater Group, Inc.*, 734 F.2d 794 (11th Cir. 1984), is also persuasive. In that decision, we indicated that a bankruptcy court order denying approval of a settlement agreement "did not resolve the litigation, decide the merits, determine rights of the parties, settle liability, or *establish damages*," and was therefore, not a final, appealable order. *Id.* at 796. (emphasis added).

*Morrell* court noted that "where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Morrell*, 880 F.2d at 856 (quoting *Wetzel*, 424 U.S. at 744, 96 S.Ct. 1202). "The concept of finality employed to determine appealability under the Bankruptcy Code is 'open to a more liberal interpretation' than that applicable to civil litigation governed by 28 U.S.C. § 1291, but this liberality stems from practicality, and is limited by it in turn." *Id.* (citations omitted). Allowing a litigant to appeal a bankruptcy court's determination of liability prior to an assessment of damages poses a greater risk of duplicative litigation than in a similar civil appeal because, in bankruptcy matters, the litigant may appeal to a district and appellate court. *See id.* at 856–57. "The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must therefore be the same as the rule under § 1291." *Id.* at 857.

Although not a model of clarity, the bankruptcy court's order at issue *does not* leave for future resolution *only* the amount of attorney's fees and costs, but also leaves for assessment punitive and actual damages. The order states, in pertinent part:

> Guy's willful violation of the stay is subject to sanctions under 11 U.S.C. § 362(h).... Therefore, it is—ORDERED as follows: ... 2. Pursuant to 11 U.S.C. § 362(h), *the Court awards damages in favor of the Trustee and against James Guy in an amount to be fixed upon the Trustee's filing of a supplemental motion detailing the fees and costs incurred as a result of Guy's wrongful conduct. 3. The Court will consider awarding punitive damages against James Guy if the Complaint is*

> not dismissed within two days after service of this Order upon Guy.

(R. 3–211 at 5–6) (emphasis added).[5]

■ Our review of this order convinces us that the bankruptcy court awarded actual damages, *including attorney's fees and costs*, and considered the possibility of future punitive damages, but deferred assessment of those damages. This order does not dispose of the trustee's prayer for relief. *See supra* at n. 5. "In sum, for a bankruptcy court order to be final within the meaning of [28 U.S.C.] § 158(a), the order ... must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Fugazy Express, Inc.*, 982 F.2d at 776.

■ Therefore, we conclude that *Wetzel* controls the disposition of this case, not *Budinich*. This case does not fall within the parameters of *Budinich* because this case concerns an award of *damages*, not just attorney's fees, which has not yet been assessed. This distinction is crucial to our analysis. We hold that in order to avoid piecemeal litigation, a bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages. Accordingly, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

**5.** In her motion for sanctions, the trustee prayed for "actual and punitive damages ..., including reimbursement for all fees and expenses incurred by the bankruptcy estate and Patricia Dzikowski, Esq." (R. 3–171 at 4).