In re WAR EAGLE CONSTRUCTION CO., INC., Debtor.

H. Lynden Graham, Jr.,
Plaintiff–Appellee,

v.

State of West Virginia, et al.,
Defendants–Appellants.

No. Civ.A. 5:00–0219.
Bankruptcy No. 94–50371.
Adversary No. 98–0161.

United States District Court,
S.D. West Virginia,
Beckley Division.

June 20, 2000.

Julia A. Chincheck, Robert L. Burns, Jr., David E. Potters, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for plaintiff.

Thomas L. Clarke, West Virginia Division of Environmental Protection, Office of Legal Services, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING APPEAL

HADEN, Chief Judge.

Pending is Appellants' motion for leave to appeal. The Court **DENIES** the motion and **DISMISSES** the appeal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This complex adversary proceeding has undergone considerable development in the Bankruptcy Court. The present appeal is from a February 3, 2000 Order of the Bankruptcy Court disposing of the parties' cross motions for partial summary judgment. The Bankruptcy Court informed the parties at the conclusion of the motions hearing[1] it was ruling in Appellee's favor, essentially finding Appellants, the State regulators of the Appellee's failed mining business, violated the automatic stay provision by (1) revoking the Debtor's surface mining permit, and (2) declaring the associated reclamation bond forfeited.

The decision addressed only issues of liability for violation of a prophylactic rule protecting the exclusivity of bankruptcy jurisdiction before final adjudication, and explicitly left open the question of remediable damages.[2] The Bankruptcy Court, however, permitted the Appellee to file a motion to fix the amount of damages, attorney fees and costs occurring as a result of the automatic stay violation. That motion, and a further case-dispositive motion from Appellants, *see infra* note 3, remain pending below.

### II. DISCUSSION

One may appeal as of right from a final order of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1). This appeal presents a question of first impression under Section 158(a)(1) in this District that also has not previously been addressed by our Court of Appeals. That question is whether a bankruptcy court's order finding a violation of the automatic stay provision is a final order where the court defers assessment of damages, including attorney's fees and costs.

In addressing the issue, the Court finds persuasive the reasoning of the United States Court of Appeals for the Fifth Cir-

---

1. Appellants describe the hearing before the Bankruptcy Court as a trial. That characterization is inappropriate, given the Bankruptcy Court's statement that the parties appeared "for a previously scheduled hearing regarding ... pending cross motions for summary judgment." Order at 1.

2. It is unclear why Appellants have not moved for relief from the automatic stay, despite the fact the Order appealed from apparently suggests that option at least three times. *See* Order at 3, 4 and 5. If such a motion should be granted, this appeal would be moot.

cuit in *In re Morrell,* 880 F.2d 855 (5th Cir.1989):

> The Supreme Court has stated that "where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." The concept of finality employed to determine appealability under the Bankruptcy Code is "open to a more liberal interpretation" than that applicable to civil litigation governed by 28 U.S.C. § 1291, but this liberality stems from practicality, and is limited by it in turn. *Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation, and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater.* The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must therefore be the same as the rule under § 1291. We hold that the district court lacked jurisdiction to hear an appeal from the bankruptcy court's order, and because the district court lacked jurisdiction, we do also. Accordingly, we dismiss the appeal.

*Id.* at 856–57 (emphasis added); *see also In re Atlas,* 210 F.3d 1305, 1307, 1308 (11th Cir.2000) (finding *Morrell's* analysis "persuasive" and stating "in order to avoid piecemeal litigation, a bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages").

Appellee asserts in its response brief as follows:

> The Motion to Set Amount of Damages and the Defendants' response thereto are intimately connected to the outcome of the motions for summary judgment ruled upon in the Order. Further, the Motion to Dismiss[3] and the Trustee's response thereto raise ultimate issues of jurisdiction for the entire Adversary proceeding.... Thus, by appealing the Order, the Defendants have sent a fragment of the Adversary proceeding up to this Court which will, in all likelihood, subject this Court to multiple appeals when the rest of the issues are litigated below.

(Resp.Br. at ii.) The Court is not prepared to ignore these assertions, especially when they go to the heart of its jurisdiction to consider the appeal.

■ The Court recognizes, as did *Morrell,* that the concept of finality is somewhat relaxed in the bankruptcy context. *See, e.g., A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1009 (4th Cir.1986). That general proposition, however, does not convert the interlocutory order here into one appealable as of right. While the parties' competing arguments on the point are sparse, the questions of damages and other issues appear substantial and remain below for final resolution. In the context of complex litigation, the ultimate judgments of the Bankruptcy Court are uncertain and not, at all, ineluctable formalities. Accordingly, the Court concludes the Bankruptcy Court's partial summary judgment has not resulted in a final order or judgment for purposes of Section 158(a)(1).

■ In the alternative, district courts also enjoy appellate jurisdiction when they *grant* leave to appeal from otherwise interlocutory orders of the bankruptcy court. 28 U.S.C. § 158(a)(3). After considering the applicable factors, however, and the potential for duplicative proceedings, the Court **FINDS** and **CONCLUDES** permission to appeal under Section 158(a)(3) is inappropriate as well.[4] Accordingly, the

---

**3.** Appellants filed an apparently substantial motion to dismiss the entire adversary proceeding on Eleventh Amendment grounds with their brief in opposition to the damages sought by Appellee. If granted by the Bankruptcy Court, this too would moot the appeal.

**4.** The Court reserves the right to declare at length its findings on the applicable factors if

Court **DENIES** Appellants' motion for leave to appeal, **DISMISSES** the appeal, and **ORDERS** it stricken from the docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to the Honorable Ronald G. Pearson and counsel of record.

it deems such necessary at a later time.