[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2003
THOMAS K. KAHN
CLERK

No. 02-14685
Non-Argument Calendar

D. C. Docket No. 02-60186-CV-DTKH

COMMODORE HOLDINGS, INC.,
NEW COMMODORE CRUISE LINES
LIMITED,
ALMIRA ENTERPRISES, INC.,
ANASTASIA CRUISES, INC.,
CROWN CRUISES LIMITED
CAPRI CRUISES,
COMMODORE CRUISES LTD.,

Debtors.

ANASTASIA CRUISES, INC.,

Plaintiff-Appellant,

versus

EXXON MOBIL CORPORATION,
EXXON USA,
ESSO NEDERLAND B.V.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2003)**

Before BARKETT, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant Anastasia Cruises, Inc. ("Anastasia"), is a debtor in bankruptcy. Esso Nederland B.V. ("Esso") had a claim against Anastasia in the amount of $106,748.91 for marine lubricant products sold and delivered to Anastasia. Esso assigned the claim to Pied Rich B.V. ("Pied Rich"), a Dutch company, for $10,000 consideration and retained a contingency interest of $40,000 in the event Pied Rich collected $100,000.00 or more on the debt. Pied Rich then caused an arrest and lien to be placed upon a cruise ship owned by Anastasia and docked in Aruba. The ship was an asset of Anastasia's bankruptcy estate. The bankruptcy court issued an order holding Pied Rich in contempt for violating the automatic bankruptcy stay.

Anastasia filed a motion in bankruptcy court for contempt and sanctions against Esso as well as two other creditors, Exxon Mobil Corporation and Exxon U.S.A. (the "Exxon Entities") on grounds that the Exxon Entities should be

imputed with Pied Rich's conduct in violation of the stay. The bankruptcy court held an evidentiary hearing to determine the relationship and interaction between all of the creditors involved. It found that neither Esso nor the Exxon Entities took any action to advise, assist or request Pied Rich to engage in collection efforts in violation of the stay. The motion was denied. Anastasia appealed to the district court, which affirmed the bankruptcy court order. Anastasia appeals from the district court's ruling.

First, we address jurisdiction to hear the appeal. This court is without jurisdiction to review an appeal of a bankruptcy order unless it is a final decision. 28 U.S.C. § 158(d). See, In re Atlas, 210 F.3d 1305, 1307 (11th Cir. 2000). "A final order in a bankruptcy proceeding is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Id.; See also, Jove Engineering, Inc. v. Internal Revenue Service, 92 F.3d 1539, 1548 (11th Cir 1996); In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985); In re Tidewater Group, Inc., 734 F.2d 794, 796 (11th Cir. 1984). "In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." In re Charter, 778 F.2d at 621. See also, In re Boca Arena, Inc., 184 F.3d 1285, 1286 (11th Cir. 1999).

In Atlas we held that an order holding a creditor in contempt was not a final decision where it left for future resolution the assessment of attorney's fees, costs and punitive damages. 210 F.3d at 1307-08. The order in this case denied Anastasia's motion for contempt. This ended the particular controversy regarding violation of the automatic stay by the Exxon Entities. See, Jove, 92 F.3d at 148. Therefore, the order is final and we may properly exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d).

We turn to the merits. We review de novo the district court's decision on an appeal from the bankruptcy court. See, In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Id.

Anastasia contends that the bankruptcy court erred in holding that the Exxon Entities may not be imputed with the debt-collection conduct of Pied Rich that violated the automatic stay. We find no plain error in the bankruptcy court's determination that neither Esso nor the Exxon Entities was affiliated or otherwise related to Pied Rich nor did they advise, assist or encourage Pied Rich to engage in unlawful collection practices in violation of the automatic stay. The fact of the assignment, made for consideration, is not in itself an unlawful collection practice or an act encouraging or assisting Pied Rich in engaging in an unlawful practice.

AFFIRMED.

4