WATFORD, Circuit Judge,
dissenting:
I would dismiss this appeal for lack of jurisdiction. The appeal is taken from a bankruptcy court order that cannot by any stretch be deemed final, even under the more relaxed standard for finality that we apply in bankruptcy appeals. See Bullard v. Blue Hills Bank, — U.S. -, 135 S.Ct. 1686, 1692, 191 L.Ed.2d 621 (2015).
*1131 The bankruptcy court’s June 28, 2013, order found that Eden Place had violated the automatic stay by evicting Perl and his wife from their home. The court postponed deciding whether damages or sanctions should be awarded as a remedy for that violation until a subsequent hearing scheduled for the following month. Rather than wait to see whether the bankruptcy court would actually award damages or sanctions, Eden Place immediately filed a notice of appeal. As it turned out, the bankruptcy court never held the subsequent hearing because Perl failed to appear at a scheduled creditors’ meeting, and the bankruptcy court therefore dismissed his Chapter 13 case altogether.
The Bankruptcy Appellate Panel (BAP) correctly held that dismissal of Perl’s underlying bankruptcy case did not render his request for damages or sanctions moot. See Price v. Rockford, 947 F.2d 829, 831— 32 (7th Cir.1991). But the BAP did not make clear why it thought jurisdiction existed to hear the appeal. The BAP might have assumed that it had jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts (and by extension the BAP) jurisdiction over appeals “from final judgments, orders, and decrees.” Or the BAP might have exercised jurisdiction under § 158(a)(3), which allows the BAP to hear appeals, “with leave of the court, from other interlocutory orders and decrees.” Either way, we have jurisdiction to review the BAP’s decision only if the underlying bankruptcy court order was in fact final. 28 U.S.C. § 158(d)(1). Since the BAP never addressed this issue, we have to do so in the first instance. See In re Lievsay, 118 F.3d 661, 662-63 (9th Cir.1997) (per cu-riam).
Bankruptcy court orders are final and appealable “if they finally dispose of discrete disputes within the larger case.” Bullard, 135 S.Ct. at 1692 (internal quotation marks omitted). So the question for us is whether the bankruptcy court’s order finally disposed of the discrete dispute over Eden Place’s' alleged violation of the automatic stay. The answer to that question turns on which of two general rules applies. On the one hand, an order is not final if it determines liability but does not resolve the plaintiffs request for damages or other relief. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). On the other hand, an order resolving the merits of a dispute is. final, even if it leaves a request for attorney’s fees unresolved. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200-02, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).
The first rule applies here. This is not a case in which the bankruptcy court resolved the merits of the dispute and left unresolved only a request for attorney’s fees. The bankruptcy court’s order merely determined liability; it left entirely unresolved the relief to be awarded, which included a potential award of compensatory and punitive damages as well as an award of attorney’s fees. (Eden Place incorrectly asserts that Perl requested attorney’s fees alone as relief; in fact, his motion requested all appropriate relief, including but not limited to attorney’s fees.) Because the bankruptcy court’s order determined liability but left the issue of damages unresolved, this case is governed by Wetzel. Under the finality rule established there, the bankruptcy court’s order did not finally determine even “the discrete issue of whether there was a stay violation,” Maj. op. at 1127, because the order resolved only liability and nothing else.
Eden Place contends the bankruptcy court’s order should be deemed final under In re Dyer, 322 F.3d 1178 (9th Cir.2003). Our decision in that case construed 11 U.S.C. § 105(a), a catch-all provision *1132 granting bankruptcy courts the authority to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” See 322 F.3d at 1184 n. 3. We held that an order finding a violation of the automatic stay but postponing assessment of appropriate sanctions under § 105(a) is final and therefore immediately appealable. Id. at 1185-87. That ruling is probably wrong; a well-developed body of law holds that “[a] determination that contempt has occurred is not final if the question of sanctions is postponed.” 15B Charles A. Wright et al, Federal Practice and Procedure § 3917, at 377-78 (2d ed. 1992 & Supp.2015) (collecting cases).
But we can put that matter to one side. The only portion of Dyer that has any bearing on this case is the court’s observation, in dicta, that the finality analysis might be different if the court were confronted with an order finding a stay violation but postponing assessment of damages under 11 U.S.C. § 362(h) (now § 362(k)), 322 F.3d at 1186-87 n. 10. Because § 362(k) authorizes an award of “damages,” the finality of orders under that statute is controlled by Wetzel, We held that § 105(a), by contrast, is “a sanction authority only and, as such, controlled by the principles of Budinich.” Id. at 1187 n. 10. In support of that holding, we cited an Eleventh Circuit case, In re Atlas, 210 F.3d 1305, 1307-08 (11th Cir.2000), for the proposition that the distinction between attorney’s fees and damages is “crucial to [the] analysis” of whether an order finding a stay violation but not addressing remedies is final. See In re Dyer, 322 F.3d at 1187 n. 10.
What we said in dicta in Dyer about the finality of orders under § 362(k) is entirely correct. Our sister circuits have uniformly held that an order finding a stay violation but postponing assessment of damages under § 362(k) is not final. See In re Atlas, 210 F.3d at 1307-08; In re Fugazy Express, Inc., 982 F.2d 769, 774-76 (2d Cir.1992); Matter of Morrell, 880 F.2d 855, 856-57 (5th Cir.1989); In re Brown, 803 F.2d 120, 121-23 (3d Cir.1986). Although there is some uncertainty as to whether an order finding a stay violation but leaving unresolved only the determination of attorney’s fees is final, see In re Porto, 645 F.3d 1294, 1300-01 (11th Cir.2011); In re Johnson, 501 F.3d 1163, 1168-69 (10th Cir.2007), it is perfectly clear that an order finding a violation of the automatic stay and postponing a determination of damages under § 362(k) is not final. Under that rule, which governs here, the bankruptcy court’s order cannot be deemed final.
Whatever the merits of the rule established by Dyer for orders under § 105(a), it doesn’t apply here. It’s true that Perl cited § 105(a) in his moving papers when requesting sanctions for Eden Place’s stay violation, but in fact no relief was available to him under that statutory provision. Individual debtors like Perl have a specific remedy available to them under § 362(k), so it would not be “necessary or appropriate” for the bankruptcy court to enforce the stay by imposing contempt sanctions under the catch-all authority granted by § 105(a). See In re Snowden, 769 F.3d 651, 661 (9th Cir.2014) (citing In re Roman, 283 B.R. 1, 14-15 (9th Cir.BAP 2002)). The bankruptcy court recognized as much. At the hearing on Perl’s motion, the court noted that it was considering the imposition of punitive damages, which are available under § 362(k) in some circumstances but not available under § 105(a) to remedy a past stay violation. See In re Dyer, 322 F.3d at 1192-93. And when the court later dismissed Perl’s case, it retained jurisdiction over “all issues arising under Bankruptcy Code §[§] 110, 329 and 362.” It did not retain jurisdiction to award any relief under § 105, presumably *1133 because it recognized that no such relief would be available.
What we are left with, then, is an order finding a stay violation but postponing until later a ruling on damages under § 362(k). Because that order addressed liability but deferred a determination of damages, it was not final under Wetzel, our dicta in Dyer, or the uniform holdings of our sister circuits. I would dismiss the appeal for lack of jurisdiction.