[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12931
Non-Argument Calendar
_____

D.C. Docket Nos. 5:14-cv-00339-MTT; 1:10-bkc-50309-JPS


In re: PMF ENTERPRISES, INC.,

                                                      Debtor.
_____

PMF ENTERPRISES, INC.,

                                                      Plaintiff - Appellant,

versus

SOUTHCREST BANK,

                                                      Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 10, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant PMF Enterprises, Inc. ("PMF") appeals the district court's judgment affirming a bankruptcy court order overruling PMF's objection to a proof of claim filed by Appellee SouthCrest Bank ("SouthCrest"). After carefully reviewing the record and the parties' briefs, we affirm the district court's judgment based on the district court's well-reasoned order filed on June 1, 2015.[1]

**AFFIRMED.**

---

[1] SouthCrest also raises a challenge to our jurisdiction to hear PMF's appeal. We have recognized that our jurisdiction "in bankruptcy proceedings is limited to final decisions of the district court." *Guy v. Dzikowski (In re Atlas)*, 210 F.3d 1305, 1307 (11th Cir. 2000); *see* 28 U.S.C. § 158(d). Because "[a] bankruptcy involves an aggregation of individual controversies," an order in a bankruptcy case "may be immediately appealed if [it] finally dispose[s] of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). We conclude that the bankruptcy court's order overruling PMF's objection was a final decision. It, in effect, allowed SouthCrest's proof of claim in the amount filed and left no unresolved dispute about the merits of SouthCrest's claim. *See, e.g.*, *Linton v. Grow*, 183 B.R. 838, 839 (S.D. Ind. 1995) (recognizing that order overruling objection to claim "resolved the issue of whether [the] claim was accepted" and thus "was a final appealable order"); *Allen v. Geneva Steel Co. (In re Geneva Steel Co.)*, 260 B.R. 517 (B.A.P. 10th Cir. 2001) ("An order on an objection to a claim is a final order . . . .").