[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2008
THOMAS K. KAHN
CLERK

————————

No. 07-15176

————————

D. C. Docket No. 07-01398 CV-IPJ
BK 06-81987-JAC

In Re: MORGAN T. JONES,

                                Debtor.

_____

MORGAN T. JONES,

                                Plaintiff-Appellant,

                    versus

GENERAL MOTORS ACCEPTANCE CORPORATION,
BILL SMITH PONTIAC BUICK GMC, INC.,

                                Defendants-Appellees.

————————

Appeal from the United States District Court
for the Northern District of Alabama

————————

**(May 28, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER,[*] District

Judge.

PER CURIAM:

Appellant, Morgan Jones ("Jones"), appeals the district court's order

affirming the Bankruptcy Court's order, which granted summary judgment to the

defendants on Jones's Truth In Lending Act ("TILA") adversary complaint.[1]

The issues presented on appeal are:

(1) What disclosures the defendants made to Jones before he signed up for

Guaranteed Asset Protection ("GAP") coverage;

(2) Whether the disclosures in the Retail Installment Sales Contract

("RISC") sidebar and the Stonebridge contract met TILA disclosure-quality

requirements; and

(3) Whether GMAC, as an "assignee" of the credit contract, is liable for any

TILA violations.

---

[*]Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

[1] An adversary complaint is a simplified form of civil action between a bankruptcy estate and a creditor, brought in the context of a bankruptcy proceeding. *See Slobodinsky v. Salkin,(In re Saber)*, 264 F.3d 1317, 1324 n.11 (11th Cir. 2001). "In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." *Dzikowski v. Boomer's Sports & Rec. Ctr., Inc., (In re: Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999).

"In an appeal from a district court sitting as an appellate court in a bankruptcy case, this Court employs the same standards of review as the district court." *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 815 n.3 (11th Cir. 2006). "In adversary proceedings in bankruptcy cases, we apply the usual and well-known summary judgment standards"—we take the facts in the light most favorable to the non-moving party and review the court's legal conclusions de novo. *Asbestos Settlement Trust v. City of New York, (In re Celotex Corp.)*, 487 F.3d 1320, 1328 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the district court's order affirming the Bankruptcy Court's order granting summary judgment to the defendants.

The primary purpose of TILA is disclosure. In this case, the Stonebridge Casualty Insurance contract is clear and unambiguous regarding GAP insurance. The question in this case, according to Jones , is whether we can consider the TILA disclosures in the separate Stonebridge contract, or were the disclosures in the RISC all that should have been considered by the bankruptcy and district courts. We conclude that it was appropriate to consider the Stonebridge contract where the disclosures are clear and unambiguous.

Because we see no merit to any of the arguments Jones makes in this appeal, we affirm the district court's order affirming the bankruptcy court's order granting summary judgment to the defendants.

**AFFIRMED.**