[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11761

_____

D.C. Docket Nos. 1:17-cv-20255-DPG; 07-bkc-21016-RAM

In re:

      SUNDALE, LTD.,
      a Limited Liability Company
      f.k.a. Sundale Associates, Ltd.,

                                         Debtor.

_____

KENDALL HOTEL & SUITES, LLC,
a Limited Liability,
SUNDALE, LTD.,
a Limited Liability Company
f.k.a. Sundale Associates, Ltd.,
PHILIP SCUTIERI,
individually,
PHILIP SCUTERI,
Trustee,

                                    Plaintiffs - Appellants,

versus

SONEET KAPILA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2020)

Before JORDAN and NEWSOM, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

The appellants—Kendall Hotel and Suites, LLC, Sundale, LTD, and Philip Scutieri—seek review of the district court's dismissal of their appeal from the bankruptcy court's final decree closing the Chapter 7 case and discharging the trustee. The district court concluded that the appellants lacked standing to appeal because they were not "aggrieved" by the final decree, and dismissed the appeal for lack of subject-matter jurisdiction. Following oral argument and a review of the record, we affirm.[1]

First, all the final decree did was (a) indicate that the estate had been fully administered and (b) discharge the trustee. *See generally* 11 U.S.C. § 350(a). The appellants were not adversely affected by the final decree, and do not claim that it

_____

[*] The Honorable J. Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

[1] The trustee's motion for summary affirmance is denied. We assume the parties' familiarity with the facts and procedural history, and set out only what is necessary to explain our decision.

was erroneous.  They therefore lack standing to challenge it.  *See In re Westwood Community Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir 2002) ("[O]nly a person aggrieved has standing to appeal a bankuptcy court's order.").

Second, we are not persuaded by the appellants' argument that the final decree allows them to challenge final orders previously entered by the bankruptcy court in the adversary proceeding brought by FACE.  Final judgments in adversary proceedings can be appealed to the district court immediately.  *See in re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999).  To the extent that the appellants wanted to appeal the denial of their Rule 60(b) motion—which was based on a recusal claim—they had to take an appeal from the denial entered by the bankruptcy court. In fact, the appellants filed such an appeal, but then dismissed that appeal with prejudice due to a settlement with FACE.  The appellants cannot now use an appeal from the final decree to resurrect their foregone challenges to the Rule 60(b) denial.

Insofar as the appellants are seeking to bolster their previously-asserted recusal claim with new evidence—evidence they apparently learned of in 2015— this appeal is not the vehicle to do that.  The appellants must try to file a new Rule 60(b) motion in the bankruptcy court and present their new evidence there.[2]

**AFFIRMED.**

---

[2] We express no view on whether such a Rule 60(b) motion would, could, or should succeed.

3