**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2230**

KATHERINE ELIZABETH RUTH AYERS,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES DEPARTMENT OF THE TREASURY,

Defendants - Appellees,

and

WILLIAM EDWARD CALLAHAN, JR.; UNITED STATES TRUSTEE FOR THE WESTERN DISTRICT OF VIRGINIA, U.S. Trustee,

Trustees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:18-cv-00032-EKD)

Submitted: August 27, 2020                    Decided: September 2, 2020

Before KING, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jennifer C. Chavez, Silver Spring, Maryland; Mark S. Lewis, Kimberly Bolinskey, SOUTHWEST VIRGINIA LEGAL AID SOCIETY, INC., Christiansburg, Virginia, for

Appellant.  Thomas T. Cullen, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, Sara Bugbee Winn, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katherine Elizabeth Ruth Ayers appeals from the district court's order affirming in part, and dismissing in part, her appeal from the bankruptcy court's order dismissing all but one of her claims challenging her debt to the United States Department of Defense and denying her motion to amend the complaint. We dismiss the appeal for lack of jurisdiction.

This court reviews the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court. *In re Shangra-La, Inc.*, 167 F.3d 843, 847 (4th Cir. 1999). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). For an order to be final it must "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal quotation marks omitted). "To be appealable as a final collateral order, the challenged order must constitute a complete, formal and, in the trial court, final rejection . . . of a claimed right where denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376-77 (1981) (internal quotations and citations omitted).

The traditional rule of finality is applied "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985). For an otherwise interlocutory bankruptcy court order to be reviewable on appeal, it must finally resolve an adversary proceeding, controversy, or entire bankruptcy proceeding on the merits and leave nothing for the court to do but execute

3

its judgment.  *See In re Abingdon Realty Corp.*, 634 F.2d 133, 135 (4th Cir. 1980); *see also In re Saco Local Dev. Corp.*, 711 F.2d 441, 445 (1st Cir. 1983) (holding that order "that conclusively determine[s] a separable dispute over a creditor's claim or priority" is an appealable, final order in a bankruptcy case).  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015)).  Adversary proceedings "are essentially full civil lawsuits carried out under the umbrella of the bankruptcy case."  *Bullard* 135 S. Ct. at 1694.

Contrary to the district court's conclusion, we find that the bankruptcy court's order is not a final, appealable order, despite the more pragmatic approach to finality in the context of bankruptcy court orders.  Here, the "discrete dispute" is the adversary proceeding itself, not a particular claim within that proceeding.  *See In re Boca Arena*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy.") (internal citation omitted).  Nor does the order "conclusively determine" a separable dispute as to the Government's claim in Ayers' bankruptcy proceeding.  The bankruptcy court's order allowed Ayers to file an amended complaint in order to support her claim for a discharge under 11 U.S.C. § 523(a)(8) on the grounds of undue hardship.  The bankruptcy court may find, after Ayers files an amended complaint, that she meets the standard in § 523(a)(8); in that case, her appeal as to the dismissal of the other counts will be moot.

4

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*