[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11040

Non-Argument Calendar

_____

In re: IRVIN RANDAL KARR,

Debtor.

_____

DEUTSCHE BANK NATIONAL TRUST COMPANIES,
as Trustee under the Pooling and Servicing Agreement,

Plaintiff-Appellant,

*versus*

ROCCO J. LEO,
as Trustee of the Bankruptcy Estate of Irvin Randal Karr,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:22-cv-00787-AMM

————————————

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional questions, this appeal is DISMISSED for lack of jurisdiction.

Appellant seeks review of the district court's order affirming the bankruptcy court's March 7, 2022 grant of partial summary judgment to Appellee. In that order, the bankruptcy court determined that Appellant had no right to Debtor's interest in the property in which he resides, and the bankruptcy estate was entitled to a one-half interest in that property. The bankruptcy court did not resolve Appellee's claims requesting a judgment allowing for sale of the property and an order requiring turnover of the property to the estate, nor did it address Appellant's counterclaim for sale of the property and distribution of proceeds.

We conclude that the bankruptcy court did not properly certify its order, which did not resolve all claims and counterclaims in the adversary proceedings, for immediate review under Fed. R. Bankr. P. 7054(a). *See* Fed. R. Bankr. P. 7054(a) (providing that Fed. R. Civ. P. 54(b) applies in adversary bankruptcy proceedings);

23-11040                Opinion of the Court                3

*Dzibowski v. Boomer's Sports & Recreation Ctr., Inc. (In re Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999) (stating that a bankruptcy court order disposing of fewer than all claims in an adversary proceeding is not immediately appealable absent Rule 7054 certification).  Specifically, the bankruptcy court abused its discretion in determining that there was "no just reason for delay."  *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (holding that to certify a case under Rule 54(b), a court must determine, *inter alia*, that there is "no just reason for delay" in permitting an immediate appeal).

As an initial matter, the bankruptcy court did not provide any reasoning or explanation for its certification decision.  It simply stated, summarily, that there was no just reason for delay.  Accordingly, we accord no deference to the bankruptcy court's certification.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166–67 (11th Cir. 1997).

Here, the "special circumstances" we have identified as warranting departure from the historic federal policy against piecemeal appeals are not present.  *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722–23 (11th Cir. 2021); *Peden v. Stephens*, 50 F.4th 972, 978–79 (11th Cir. 2022).  The Rule 54(b) certification did not occur at an early stage of the litigation but after two years of litigation, including a related removal and remand of a state court action.  There are not a large number of defendants, and it does not appear that substantial discovery still awaits.  Neither the bankruptcy court nor the parties have identified any particular dangers of hardship

or injustice associated with delaying appellate review until final resolution of the entire bankruptcy proceeding, and our review of the record reveals no obvious reason to permit an immediate appeal. *See Peden*, 50 F.4th at 978 (explaining that Rule 54(b) certification should be limited to "instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay").

Further, allowing an immediate appeal would likely result in future piecemeal appeals involving similar factual backgrounds. *See Ebrahimi*, 114 F.3d at 167 (noting that when the factual underpinnings of adjudicated and unadjudicated claims are intertwined, courts "should be hesitant" to employ Rule 54(b)). The factual underpinnings of the adjudicated issue of who is entitled to Debtor's interest in the property are intertwined with the unadjudicated issues of whether the property should be sold, and if so, how to distribute the proceeds of such a sale. Thus, potential later appeals would involve essentially the same facts presented in this appeal, and judicial administrative interests would not be advanced by having multiple panels of this Court familiarize themselves with this case. *See id.* Accordingly, the parties' needs do not outweigh the costs and risks of multiplying the proceedings and overcrowding our docket.